## Commonwealth *v.* Myers, Appellant.

460

Argued December 9, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*R.S. Trigg,* Assistant Public Defender, for appellant.

*James R. Leonard, Jr.,* Assistant District Attorney, with him *Mary Anne Motter Cullen,* Assistant District Attorney, and *D. Richard Eckman,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., March 29, 1976:

Appellant contends that the evidence found at his residence should have been suppressed because it was seized during the course of an illegal search.

The appellant, Roy Myers, together with his wife and child, reside in Lancaster County, close to the Chester County border. On August 1, 1974, Chester County police officers conducted a search of the appellant's residence for stolen copper wire and a stolen dog. The search warrant had been issued by a Chester County justice of the peace. In addition to discovering the wire and dog during the search, the officers found a dismantled Ford van in the appellant's garage. Upon finding the van, the officers immediately contacted the State Police stationed at the Lancaster County barracks. When the State Police officers arrived, they checked the serial number of the van, and determined that it had been stolen. Appellant was immediately arrested by Chester County authorities.[1] On August 2, 1974, the State troopers returned with a second search warrant issued by a Lancaster County justice of the peace. Pursuant to this warrant, the troopers seized invoices and other papers. On September 9, 1974, appellant was arrested in Lancaster County on charges of receiving stolen goods.

On December 13, 1974, the appellant filed a motion to suppress, which was denied on January 27, 1975. Later that day, the appellant was found guilty by the lower court, sitting without a jury. Appellant's post-trial motions were filed on January 28, 1975, and were denied on May 9, 1975. Appellant was sentenced to a term of eight to sixteen months' imprisonment; this appeal followed.

The initial warrant used to effectuate the search of the appellant's residence in Lancaster County was issued by a Chester County justice of the peace and was

---

1. The Chester County charges were subsequently nolle prossed because of the illegal search and arrest.

executed by Chester County policemen. Appellant contends that the search warrant was invalid. We must determine, therefore, if a justice of the peace in one county has jurisdiction to authorize a search of property in another county.

Rule 2001 of the Pennsylvania Rules of Criminal Procedure provides that "[a] search warrant may be issued by an issuing authority having jurisdiction of the person or place to be searched."[2] The general rule is that a justice of the peace, magistrate, or alderman has jurisdiction only over the locality in which he was elected; *Commonwealth v. Herb*, 211 Pa. Superior Ct. 119, 235 A. 2d 429 (1967), therefore, a magistrate, alderman, or justice of the peace can only issue a warrant to search persons or places in the district in which he was elected. In the instant case, neither the appellant nor the appellant's residence was in Chester County. The justice of the peace, therefore, was without jurisdiction to issue the search warrant. Thus the search was illegal.

The lower court relied on the "plain view" doctrine to uphold the introduction of the evidence. Specifically, the lower court found that the stolen automobile parts were in "plain view" of the State Police officers when they arrived on the scene. In *Harris v. United States*, 390 U.S. 234, 236 (1968), the United States Supreme Court stated that objects falling in plain view "of an officer who has a right to be in the position to have that view" are properly seized. In the instant case, however, the unlawful search of the appellant's residence provided the opportunity for the State troopers' "plain view" of the evidence. Were we to sanction the applicability of the "plain view" doctrine in this situation, officers of one jurisdiction could readily be called into another to conduct an illegal search, locate whatever incriminating evidence that could be found,

---

2. Rule 3(i), Pa.R.Crim.P., defines "issuing authority" as "any public official having the power and authority of an alderman, justice of the peace, magistrate or district justice."

and call local police officials to discover the evidence in "plain view."

"[I]nherent in the plain view doctrine is the principle the seized object must not have been put in plain view as a result of unlawful police conduct." *Commonwealth v. Jeffries*, 454 Pa. 320, 327, 311 A. 2d 914, 918 (1973). Because the State Police were called to the scene during the course of an illegal search by Chester County officers, the evidence seized at that time should have been suppressed as the fruit of the primary illegality. Furthermore, because the second warrant was based solely on the incriminating evidence found during the illegal search, the evidence seized during the second search should also have been suppressed as the fruit of the primary illegality. See *Betrand Appeal*, 451 Pa. 381, 303 A. 2d 486 (1973).

Reversed and remanded for new trial.

VAN DER VOORT, J., dissents.