391 A.2d 612

COMMONWEALTH of Pennsylvania, Appellant,

v.

Patrick James RYAN a/k/a William Goldie

**and**

Marianne Lucy Casano a/k/a Maureen Goldie.

Superior Court of Pennsylvania.

Argued Dec. 13, 1977.

Decided July 12, 1978.

Charles P. Eyer, Assistant District Attorney, Stroudsburg, with him Joseph M. Farrell, Harrisburg, for Com., appellant.

William R. Lee, Scranton, with him Peter T. O'Malley, Scranton, for appellee, Ryan.

George W. Westervelt, Jr., Stroudsburg, for appellee, Casano.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant, the Commonwealth, contends that the lower court erred in quashing a search warrant and suppressing all evidence seized following its execution. We agree and reverse the order of the lower court.

The facts of the instant case are not in dispute: At approximately 1:30 a. m., on March 1, 1977, Squire Earl Ammerman, the issuing authority[1] for Monroe County Magisterial District 43–3–02, issued a warrant to search premises located within Monroe County, but outside of his magisterial district. The search of the house yielded evidence which led to the instant prosecution. Appellees, occupants of the house, were arrested and arraigned before Squire Marjorie Shumaker, the district justice in whose district the premises are located. On May 25, 1977, both appellees filed a motion to suppress, seeking to quash the search warrant and to suppress all evidence seized in the search. At a hearing on June 3, 1977, Harold McElroy, a Pennsylvania State Police officer and affiant in the warrant, testified that during the night of February 28, 1977, he tried three times without

1. Rule 3(j), Pa.R.Crim.P.; 19 P.S.Appendix, defines issuing authority as "any public official having the power and authority of an alderman, justice of the peace, magistrate, or district justice."

540

success to contact Squire Shumaker for the purpose of procuring a search warrant. Eventually, he reached Squire Ammerman who issued the warrant. At the close of the officer's testimony, the lower court quashed the search warrant and suppressed the fruits of its execution. In its opinion, the lower court stated that because the territorial jurisdiction of an issuing authority is limited to the district in which he or she was elected, the district justice in the instant case was without power to issue the search warrant. The Commonwealth has appealed the suppression order,[2] and the two cases have been consolidated for our review.

■ Appellant contends that the lower court erred in holding that the issuing authority was without jurisdiction to issue the instant search warrant for premises located outside of the issuing authority's district, but within the same county. Rule 2001, Pa.R.Crim.P., states that "[a] search warrant may be issued by an issuing authority having jurisdiction of the person or place to be searched." The rule offers no guidance, however, as to the territorial scope of the issuing authority's jurisdiction.[3] In *Commonwealth v. Shaheen*, 257 Pa.Super. 393, 390 A.2d 1294 (1978), decided this day, we confronted directly the question of the territori-

2. The Commonwealth may appeal from a pre-trial order suppressing evidence only if two requirements are satisfied: the appeal must involve a pure question of law, and the suppression must effectively terminate or substantially handicap the prosecution. *Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A.2d 304 (1963); *Commonwealth v. DeFelice*, 248 Pa.Super. 516, 375 A.2d 360 (1977). The instant appeal is based solely upon a question of law; there is no dispute as to the facts giving rise to this appeal. Further, the suppression order of the lower court effectively terminates the instant prosecution.

3. Appellant brings to our attention, § 2304(b) of the Magisterial District Reform Act, Act of July 15, 1976, P.L. 1014, No. 204, § 303, eff. July 1, 1976; 42 P.S. § 2101 et seq., which states: "The process of the district justice shall extend beyond the limits of the magisterial district to the extent prescribed by general rule." We have been unable to discover the existence of a general rule which gives this section vitality. Moreover, because we have no rulemaking power, we are unable to design a rule which would impart substance to the statute. Consequently, we have found the statute of little assistance in evaluating the instant contention.

al parameters of magisterial jurisdiction.[4] In *Shaheen*, supra, 257 Pa.Super. 393, 390 A.2d at 1294, we said: "We find compelling reasons for holding that magisterial jurisdiction is county wide. First, in sparsely populated areas with few issuing authorities, the need for county wide magisterial jurisdiction is often imperative for effective law enforcement. Moreover, even in more populated counties, officials frequently need the investigative flexibility which county wide jurisdiction would confer." (footnote omitted)

The instant case demonstrates the need for such a rule. In the application for the search warrant, Officer McElroy stated that a confidential informant reported on February 28, 1977, that a drug transaction was scheduled to occur inside the house to be searched in the early morning hours of March 1, 1977. McElroy testified at the suppression hearing that he first attempted to reach Squire Shumaker, the issuing authority in whose district the premises to be searched were located. Only after his three attempts proved fruitless did he contact Squire Ammerman who issued the warrant. McElroy further stated that of the seven issuing authorities in Monroe County at the time he sought the instant warrant, Squire Ammerman was the only issuing authority in the county available during the night for the issuance of search warrants. On these facts, we conclude that to limit the scope of an issuing authority's power to issue a search warrant to his or her magisterial district

4. *Shaheen*, supra, was the first Pennsylvania appellate court decision dealing directly with the instant issue. The dissent's reliance on *Commonwealth v. Myers*, 239 Pa.Super. 459, 361 A.2d 884 (1976), is misplaced. In Myers, a Chester County justice of the peace issued a warrant to search premises located in Lancaster County. We held that "neither the appellant nor the appellant's residence was in Chester County. The justice of the peace, therefore, was without jurisdiction to issue the search warrant." Supra, 239 Pa.Super. at 462, 361 A.2d at 885. Unlike Myers, the magistrate in the instant case issued a warrant to search premises located in the county containing his magisterial district. Moreover, the statement in Myers, relied upon by the dissent, that an issuing authority's jurisdiction extends only to the district in which he was elected, is dictum. We do not consider this unfortunate language persuasive authority for the dissent's position.

would serve no justifiable purpose. To the contrary, it would thwart effective law enforcement.

Consequently, because we conclude that magisterial jurisdiction is county wide, we hold that the magistrate properly issued the search warrant in the instant case. Accordingly, we reverse the lower court's suppression order and remand the case for trial.

Order reversed and case remanded for trial.

WATKINS, former President Judge, and JACOBS, President Judge, did not participate in the consideration or decision of this case.

SPAETH, J., dissents for the reasons stated in his dissenting opinion in *Commonwealth v. Shaheen*, 257 Pa.Super. 393, 390 A.2d 1294 (1978).