390 A.2d 1294

**COMMONWEALTH of Pennsylvania**

v.

**Leslie SHAHEEN, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 8, 1976.

Decided July 12, 1978.

Bruce A. Carsia, Pittsburgh, for appellant.

Robert E. Colville, District Attorney, Pittsburgh, for Commonwealth, appellee.

Before WATKINS, P. J., and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

The instant appeal raises one question: whether an issuing authority[1] has the power to issue a search warrant for premises outside of his magisterial district, but within the same county. We conclude that an issuing authority has such authority.

Appellant contends that because there were no extant criminal proceedings against him at the time of the search, the warrant could be issued only by an issuing authority in whose district the search was to take place. This analysis errs in two respects. First it incorrectly equates the phrase "a criminal proceeding", used in Rule 21(a), Pa.R.Crim.P.[2]

1.  Rule 3(j), Pa.R.Crim.P., 19 P.S. Appendix, defines issuing authority as "any public official having the power and authority of an alderman, justice of the peace, magistrate, or district justice."

2.  Rule 21 provides in pertinent part:
    "VENUE

with the phrase "in connection with a criminal proceeding" used in Rule 21(a)(3), Pa.R.Crim.P. While we agree that the former is most accurately defined by Rule 101, Pa.R. Crim.P.,[3] relating to how criminal proceedings can be instituted, we hold that Rule 21(a)(3), containing the words "in connection with", is broader in scope and contemplates the issuance of a search warrant *before* the formal institution of criminal proceedings as defined in Rule 101. Any other interpretation of Rule 21(a)(3) yields a rule which states that a criminal proceeding can be brought whenever a search warrant is authorized in connection with an already instituted proceeding. In short, a proceeding can be brought whenever a proceeding has been brought. The illogic of such a statement is patent.

Instead, for guidance as to the scope of the phrase "in connection with a criminal proceeding," we look to the definition of criminal proceedings in Rule 3(g), Pa.R.Crim.P. Rule 3(g) states that "criminal proceedings include all actions for the enforcement of the Penal Laws." The search

"All criminal proceedings shall be brought before the issuing authority for the magisterial district where the offense is alleged to have occurred or before an issuing authority on temporary assignment to serve such magisterial district, subject, however, to the following exceptions:
"(a) A criminal proceeding may be brought before any issuing authority of any magisterial district within the county whenever:
"1. a statute has heretofore fixed jurisdiction or venue within any county or a particular county or judicial district; or
"2. the particular place within the county where the offense is alleged to have occurred is unknown; or
"3. the issuance of a search warrant is authorized in connection with a criminal proceeding."

3. Rule 101 provides:
"Criminal proceedings in court cases shall be instituted by:
"1. a written complaint; or
"2. an arrest without a warrant when the offense is a felony or misdemeanor committed in the presence of the police officer making the arrest; or
"3. an arrest without a warrant upon probable cause when the offense is a felony; or
"4. an arrest without a warrant upon probable cause when the offense is a misdemeanor not committed in the presence of the police officer making the arrest, when such arrest without a warrant is specifically authorized by statute."

warrant in the instant case was certainly issued for the purpose of enforcing the penal laws of Pennsylvania.[4] Therefore, according to Rule 21(a), a criminal proceeding commencing *after* the issuance of the search warrant, could have been brought before any issuing authority in the county.

The foregoing conclusion suggests the second error in appellant's contention. In focusing exclusively on the question of proper venue for the institution of criminal proceedings, appellant overlooks the fact that criminal proceedings as defined by Rule 101 had *not yet* commenced; there had not yet been a complaint or arrest. The appropriate question, therefore, is not where a criminal proceeding could be brought pursuant to Rule 21, but whether the magistrate in the instant case had jurisdiction to issue the search warrant for premises outside of his magisterial district.

Rule 2001, Pa.R.Crim.P., states that "[a] search warrant may be issued by an issuing authority having jurisdiction of the person or place to be searched." The appellate courts of Pennsylvania have not yet confronted directly the question of the territorial parameters of magisterial jurisdiction.[5] We find compelling reasons for holding that magisterial

---

**4.** Appellant asserts that the search warrant was issued "not for the purpose of 'enforcement' but to gather evidence for the enforcement, which is accomplished by complaint or arrest." We find this distinction untenable. Enforcement is a term which encompasses all the stages in the administration of criminal justice from preliminary investigation to conviction or acquittal. It cannot be limited artificially to complaint and arrest.

**5.** In *Commonwealth v. Myers*, 239 Pa.Super. 459, 361 A.2d 884 (1976), a Chester County justice of the peace issued a warrant to search premises located in Lancaster County. We held "neither the appellant nor the appellant's residence was in Chester County. The justice of the peace, therefore, was without jurisdiction to issue the search warrant," supra, 239 Pa.Super. at 462, 361 A.2d at 885. Unlike *Myers*, the magistrate in the instant case issued a warrant to search premises located in the county containing his magisterial district. Moreover, the statement in *Myers*, relied upon by the dissenting opinions that an issuing authority's jurisdiction extends only to the district in which he was elected, is dictum. We do not consider this unfortunate language persuasive authority for the dissenting position.

jurisdiction is county wide. In sparsely populated areas with few issuing authorities, the need for county wide magisterial jurisdiction is often imperative for effective law enforcement. Even in more populated counties, officials frequently need the investigative flexibility which county wide jurisdiction would confer.[6]

In summary, we hold that Rule 21 applies only to the proper venue for the institution of criminal proceedings. Accordingly, it has no application in the instant case. Instead, the question before our Court is the territorial scope of an issuing authority's jurisdiction. Because we conclude that jurisdiction is county wide, we hold that the magistrate properly issued the search warrant in the instant case.

Judgment of sentence affirmed.

VAN der VOORT, J., concurs in the result.

PRICE, J., files a concurring opinion.

JACOBS, President Judge, files a dissenting opinion.

SPAETH, J., files a dissenting opinion.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

PRICE, Judge, concurring:

I join the majority opinion in this case. I think it necessary, however, to point out that in *Commonwealth v. Brennan,* 241 Pa.Super. 530, 358 A.2d 64 (1976), this court affirmed per curiam a lower court decision which involved the same issue and reached the opposite conclusion. I believe that the holding of the lower court in *Commonweath v. Klaric,* 233 Pa.Super. 746, 339 A.2d 807 (1975), a case which we likewise affirmed per curiam, and the result reached in

---

**6.** To the extent that the intentional avoidance of a particular issuing authority is feared, a rule could be fashioned which would permit the police to procure a search warrant from an issuing authority outside of the appropriate district, but within the same county, only upon the Commonwealth's demonstrating the unavailability of an issuing authority located in the appropriate magisterial district.

the instant appeal are correct. I deem it wise, however, to point out that our decision herein overrules any contrary implications which might be drawn from the per curiam affirmance in *Commonwealth v. Brennan, supra.*

JACOBS, President Judge, dissenting:

I respectfully dissent on the basis of this Court's opinion in *Commonwealth v. Myers,* 239 Pa.Super. 459, 361 A.2d 884 (1976).

In *Myers,* a Chester County justice of the peace issued a search warrant for appellant's residence located in Lancaster County. The search by Chester County police officers yielded stolen copper wire and a stolen dog, and appellant was arrested. These charges were subsequently nolle prossed. However, the search also revealed the presence of stolen automobile parts, and appellant was charged in Lancaster County with receiving stolen goods. The lower court denied appellant's motion to suppress, holding that the evidence was properly introduced under the plain view doctrine. We reversed and remanded for a new trial, Judge VAN der VOORT dissenting, and held that the search was illegal because the justice of the peace was without jurisdiction to issue the search warrant. We said:

> Rule 2001 of the Pennsylvania Rules of Criminal Procedure provides that "[a] search warrant may be issued by an issuing authority having jurisdiction of the person or place to be searched." The general rule is that a justice of the peace, magistrate, or alderman has jurisdiction only over the locality in which he was elected; *Commonwealth v. Herb,* 211 Pa.Super. 119, 235 A.2d 429 (1967), therefore, a magistrate, alderman, or justice of the peace can only issue a warrant to search persons or places in the district in which he was elected. *Commonwealth v. Myers,* 239 Pa.Super. 459, 462, 361 A.2d 884, 885 (1976) (footnote omitted).

Although *Myers* involved a warrant issued by a magistrate of one county for a search in another county, I find its language and rationale insufficiently distinguishable from the present case to permit the opposite result.

SPAETH, Judge, dissenting:

As the other opinions demonstrate, Rule 21 is (to put it gently) obscure. We should therefore construe it to achieve the best result. The best result (as the majority notes, and as the dissent seems to concede) is to preclude shopping around for a compliant magistrate. While the cases are inconsistent, in *Commonwealth v. Myers*, 239 Pa.Super. 459, 361 A.2d 884 (1976), we did say that "a magistrate . . . can only issue a warrant to search persons or places in the district in which he was elected." *Id.*, 239 Pa.Super. at 462, 361 A.2d at 885. I see no useful purpose in limiting this statement, and find it sufficient authority to reverse and award a new trial. I hope that in the meantime Rule 21 will be rewritten.