400 A.2d 1264

COMMONWEALTH of Pennsylvania

v.

Patrick RYAN and Marianne Casano, Appellants.

COMMONWEALTH of Pennsylvania

v.

Leslie SHAHEEN, Appellant.

Supreme Court of Pennsylvania.

Argued March 12, 1979.

Decided May 1, 1979.

604

William R. Lee, Scranton, for Patrick Ryan.

George W. Westervelt, Jr., Stroudsburg, for Marianne Casano.

Charles P. Eyer, Sp. Asst. Dist. Atty., James F. Marsh, Dist. Atty., Marc Wolfe, Stroudsburg, for appellee.

Bruce A. Carsia, Norma Chase, Pittsburgh, for Leslie Shaheen.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Charles W. Johns, Kemal Alexander Mericli, Asst. Dist. Attys., Pittsburgh, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

OPINION OF THE COURT

O'BRIEN, Justice.

The instant appeals involve a single question of law which has never been addressed by this court: Can an issuing authority validly issue a search warrant for premises outside his or her magisterial district but within the same judicial district? We answer in the affirmative.

Appellants at No. 513 January Term, 1978, Patrick Ryan and Marianne Casano, were charged with violating the Controlled Substance, Drug, Device and Cosmetic Act.[1] Appellant at No. 153 March Term, 1978, Leslie Shaheen, was charged with operating a lottery. In both cases, evidence was seized pursuant to search warrants issued by district justices, authorizing a search of premises outside the magisterial districts to which the issuing district justices had been duly elected.

1. Act of April 14, 1972, P.L. 233, No. 64, § 1, 35 P.S. § 780–101 et seq.

In both cases, motions to suppress, raising the issue presented in these cases, were filed. The suppression court in Monroe County ordered the evidence suppressed in the prosecutions of Ryan and Casano. Superior Court reversed, *Commonwealth v. Ryan,* 257 Pa.Super. 538, 391 A.2d 612 (1978), and we granted the petitions for allowance of appeal filed by Ryan and Casano.

In the case of appellant Shaheen, the suppression court denied the suppression motion. In a nonjury trial, appellant was found guilty of operating a lottery. Post-verdict motions were denied and appellant was ordered to pay a $1,000 fine and was sentenced to a six-month prison term in the Allegheny County Jail. The Superior affirmed, *Commonwealth v. Shaheen,* 257 Pa.Super. 393, 390 A.2d 1294 (1978), and we granted Shaheen's petition for allowance of appeal.

Pa.R.Crim.P. 2001 provides:

"A search warrant may be issued by an issuing authority [2] having jurisdiction of the person or place to be searched."

We must thus decide the extent of territorial jurisdiction conferred upon a district justice.

Article 5, § 1 of the Pennsylvania Constitution provides:

"The judicial power of the Commonwealth shall be vested in a unified judicial system consisting of the Supreme Court, the Superior Court, the Commonwealth Court, courts of common pleas, community courts, municipal and traffic courts in the City of Philadelphia, such other courts as may be provided by law and justices of the peace. All courts and justices of the peace and their jurisdiction shall be in this unified judicial system."

Further, Article 5, § 7(a) of the Pennsylvania Constitution provides:

"In any judicial district . . . there shall be one justice of the peace in each magisterial district. The

2. "Issuing Authority is any public official having the power and authority of an alderman, justice of the peace, magistrate or district justice." Pa.R.Crim.P. 3(j).

jurisdiction of the justice of the peace shall be as provided by law."

Discussing these two sections in *Collins v. Gessner*, 452 Pa. 471, 476–77, 307 A.2d 892, 894–895 (1973), Mr. Justice Roberts, speaking for a unanimous court, stated:

"A careful review of the pertinent Constitutional and statutory provisions, as well as the relevant decisional law, clearly establishes that district justices of the peace are, indeed, 'officers of statewide jurisdiction.' Article V, Section 1 of the Constitution of Pennsylvania provides for a 'unified judicial system' in which '[a]ll courts and justices of the peace and their jurisdiction shall be . . . [included].' This specific inclusion of justices of the peace in this section manifests an unambiguous intention to incorporate these judicial officers as an integral part of this statewide 'unified judicial system.'

"Article V, Section 7(a) of the Constitution directs that 'there shall be one justice of the peace in each magisterial district' and that '[t]he jurisdiction of the justice of the peace shall be as *provided by law.*' [Emphasis in Justice Roberts' opinion.] In accordance with this Constitutional mandate, the Legislature has provided that: 'justices of the peace and district justices, in this Commonwealth, shall have *concurrent jurisdiction with the courts of common pleas* of all actions arising from contract, either express or implied, and of all actions of trespass, wherein the sum demanded does not exceed one thousand ($1,000) dollars, except in cases of real contract where the title to lands or tenements may come in question.' [Emphasis in Justice Roberts' opinion]. Act of July 7, 1879, P.L. 194, § 1, as amended by Act of June 1, 1972, 42 P.S. § 241 (Supp.1973). Although limited by statute as to jurisdictional *amount and type of action,* in all other respects the jurisdiction of a district justice of the peace and a common pleas judge is *concurrent.* Article V, Section 16(a) of the Constitution which provides that 'justices of the peace shall be compensated by the Commonwealth,' further indicates that all judicial officers are officers of the Common-

wealth.  Moreover, Rule 317 of our Pennsylvania Rules of Conduct, Office Standards and Civil Procedure for Justices of the Peace states: 'A justice of the peace may issue subpoenas throughout the Commonwealth to require the attendance of witnesses in any cause of action triable before him.'  The undeniable implication of Rule 17 is that an official with statewide subpoena powers is an official with statewide jurisdiction."  (Emphasis in original.)

■   *Collins* thus makes clear that unless specifically limited, a district justice's jurisdiction is concurrent with that of a judge. of the court of common pleas.[3]  We thus believe a district justice has at least county-wide jurisdiction.

Appellants, however, believe that the Pennsylvania Rules of Criminal Procedure compel a different result.  Pa.R. Crim.P. 21 provides:

"All criminal proceedings shall be brought before the issuing authority for the magisterial district where the offense is alleged to have occurred or before an issuing authority on temporary assignment to serve such magisterial district, subject, however, to the following exceptions:

"(a) A criminal proceeding may be brought before any issuing authority of any magisterial district within the county whenever:

"1.  a statute has heretofore fixed jurisdiction or venue within any county or a particular county or judicial district; or

"2.  the particular place within the county where the offense is alleged to have occurred is unknown; or

"3.  the issuance of a search warrant is authorized in connection with a criminal proceeding."

"Criminal proceedings" are defined as "all actions for the enforcement of the Penal Laws."  Pa.R.Crim.P. 3(g).

Further, Pa.R.Crim.P. 101 provides:

**3.**  While *Collins* spoke to limitations imposed on a district justice's civil jurisdiction, we can find no viable distinction between civil and criminal ·jurisdiction.  We thus believe the analysis employed is equally applicable to questions involving either civil or criminal jurisdiction.

"Criminal proceedings in court cases shall be instituted by:

"1. a written complaint; or

"2. an arrest without a warrant when the offense is a felony or misdemeanor committed in the presence of the police officer making the arrest; or

"3. an arrest without a warrant upon probable cause when the offense is a felony; or

"4. an arrest without a warrant upon probable cause when the offense is a misdemeanor not committed in the presence of the police officer making the arrest, when such arrest without a warrant is specifically authorized by statute."

Appellants argue that Rule 21 requires that an extra-territorial search warrant may only be issued when a criminal proceeding is already under way. In both of the instant appeals, the issuance of the search warrant was the initial step taken. As the issuance of a search warrant is not one of the four means by which to institute criminal proceedings, appellants argue that the exception in Pa.R.Crim.P. 21(a)(3) is inapplicable.

As Judge Hoffman stated in his plurality opinion in *Commonwealth v. Shaheen, supra,* 257 Pa.Super. at 394–396, 390 A.2d at 1295–96:

"This analysis errs in two respects. First it incorrectly equates the phrase 'a criminal proceeding', used in Rule 21(a), Pa.R.Crim.P. with the phrase 'in connection with a criminal proceeding' used in Rule 21(a)(3), Pa.R.Crim.P. While we agree that the former is most accurately defined by Rule 101, Pa.R.Crim.P., relating to how criminal proceedings can be instituted, we hold that Rule 21(a)(3), containing the words 'in connection with', is broader in scope and contemplates the issuance of a search warrant *before* the formal institution of criminal proceedings as defined in Rule 101. Any other interpretation of Rule 21(a)(3) yields a rule which states that a criminal proceeding can be brought whenever a search warrant is authorized in connection with an already instituted proceeding.

In short, a proceeding can be brought whenever a proceeding has been brought. The illogic of such a statement is patent.

"Instead, for guidance as to the scope of the phrase 'in connection with a criminal proceeding,' we look to the definition of criminal proceedings in Rule 3(g), Pa.R. Crim.P. Rule 3(g) states that 'criminal proceedings include all actions for the enforcement of the Penal Laws.' The search warrant in the instant case was certainly issued for the purpose of enforcing the penal laws of Pennsylvania. Therefore, according to Rule 21(a), a criminal proceeding commencing *after* the issuance of the search warrant, could have been brought before any issuing authority in the county.

"The foregoing conclusion suggests the second error in appellant's contention. In focusing exclusively on the question of proper venue for the institution of criminal proceedings, appellant overlooks the fact that criminal proceedings as defined by Rule 101 had *not yet* commenced; there had not yet been a complaint or arrest. The appropriate question, therefore, is not where a criminal proceeding could be brought pursuant to Rule 21, but whether the magistrate in the instant case had jurisdiction to issue the search warrant for premises outside of his magisterial district." (Emphasis in original).

We agree with the preceding analysis, as any other reading would lead to a completely illogical application of Rule 21, as suggested by Judge Hoffman.

Further, Pa.R.Crim.P. 25 states:

"(a) Objections to venue shall be raised in the Court of Common Pleas of the judicial district in which the proceeding has been brought, before completion of the preliminary hearing in a court case or before completion of the summary trial where a summary offense is charged, or such objections shall be deemed to have been waived.

"(b) *No objection to venue shall be allowed unless substantial prejudice will result if the proceeding is allowed to continue before the issuing authority before whom it has been brought.*

610

"(c) *No criminal proceeding shall be dismissed because of improper venue.* Whenever an objection to venue is allowed, the Court of Common Pleas shall order the transfer of the proceeding to the issuing authority of the proper magisterial district of the proper judicial district. If the proceeding is transferred to a magisterial district of another judicial district, the President Judge of the Judicial District to which the case is transferred shall be notified of such transfer." (Emphasis added.)

[■■■■] Rule 25 makes perfectly clear that Rule 21 deals only with venue and not the jurisdiction of a district magistrate. It is hornbook law that objections to subject matter jurisdiction can never be waived. Yet, Rule 25 specifically states that the improper application of Rule 21 can, in fact, be waived. We thus believe that in the instant case, or cases involving similar facts, a violation of Rule 21 can lead to relief if it is shown that the magistrate used was either obtained by forum shopping or was a "rubber stamp" for the police. In neither of the instant appeals is such an allegation made.

Finding nothing "provided by law" to limit the authority of a district justice to issue a search warrant anywhere within the judicial district in which he or she sits, we believe both warrants were validly issued.

Orders of the Superior Court affirmed.