411 A.2d 543

**COMMONWEALTH of Pennsylvania**

**v.**

**William Bazil YANNARIELLO, Appellant.**

Superior Court of Pennsylvania.

Argued June 4, 1979.

Filed Oct. 5, 1979.

Petition for Allowance of Appeal Granted Jan. 14, 1980.

314

Todd J. O'Malley, Scranton, for appellant.

Robert J. Farrell, Assistant District Attorney, Scranton, for Commonwealth, appellee.

Before PRICE, GATES * and DOWLING,* JJ.

DOWLING, Judge:

Appellant was convicted in a bench trial of conspiracy to deliver a controlled substance under 18 Pa.C.S.A. § 903.[1] He asserts several grounds for relief one of which justifies reversal.

Yannariello was tried along with three co-defendants and at the conclusion of the Commonwealth's case, the trial judge, upon motion of counsel for two of the defendants, entered a severance so that these defendants could testify for the Commonwealth pursuant to a last minute plea bargain arrangement. The appellant and the remaining co-defendant, one James Matthews, were represented by the same attorney. When the severance was granted over his objection, he immediately requested a continuance of the proceedings "on the basis that there may be a conflict of interest with me representing Mr. Matthews and Mr. Yannariello at the same time" (245a). This request was denied and immediately thereafter one of the severed plea bargaining defendants testified against appellant who was subsequently convicted of criminal conspiracy.

 At the time his counsel moved for a continuance there was no inquiry as to appellant's wishes. The record does not indicate that he was consulted in any way. Yet when the court ordered separate trials for two of appellant's co-defendants, a conflict arose between the interests of appellant and the remaining co-defendant, Matthews. Due to the fact

---

* President Judge G. THOMAS GATES of the Court of Common Pleas of Lebanon County, Pennsylvania, and Judge JOHN C. DOWLING of the Court of Common Pleas of Dauphin County, Pennsylvania, are sitting by designation.

1. The Act of 1972, Dec. 6, P.L. 1482, 334, § 1, as amended.

that both were represented by the same counsel, their ability to strike a plea bargain with the district attorney was severely hampered. At the very least there should have been a colloquy on the record ascertaining whether the appellant would acquiesce in the continued multiple representation.

This is somewhat analogous to not only preventing the manager from making a pitching change when a pinch hitter is suddenly announced, but even refusing to let him consult his pitcher to see if he wants to face a new batter. The trial court's reason for refusing the continuance was that while he recognized the possibility of a conflict of interest and would not be adverse to granting a continuance, "we must face the reality of what we are confronted with. We have today and one additional day in this term of criminal court . . . [i]t would frustrate, I think, the completion of this trial with any reasonable time period and that is the only person why I have difficulty in coping with that problem and will deny the continuance at this point." (245a–246a)

We acknowledge the magnitude of the dilemma confronting trial courts when the harsh realities of court administration collide with judicial ideals, such as happened here. However, as the United States Court of Appeals for the Third Circuit recently stated in a related context:

" . . . no defendant should ever be deprived of a fair trial because it is easier or more economical for the government to try several defendants in one trial rather than have protracted multiple trials. The goal of the judicial process is not to decide cases as quickly and as inexpensively as possible." *U. S. v. Boscia,* 573 F.2d 827, 833 (3rd Cir. 1978) cert. denied 436 U.S. 911, 98 S.Ct. 2248, 56 L.Ed.2d 411.

■ The controlling principle is stated in *Commonwealth v. Breaker,* 456 Pa. 341, 344, 345, 318 A.2d 354, 356 (1974): Our dual representation cases make several principles clear. First, "[i]f, in the representation of more than one defendant, a conflict of interest arises, the mere existence of such conflict vitiates the proceedings, even though no

actual harm results. The potentiality that such harm may result, rather than that such harm did result, furnishes the appropriate criterion." *Commonwealth ex rel. Whitling v. Russell*, 406 Pa. 45, 48, 176 A.2d 641, 643 (1962).

Accordingly, in *Commonwealth v. Knight*, 245 Pa.Super. 337, 369 A.2d 431 (1976), we reversed the lower court and awarded a new trial solely on the basis of a potential conflict of interest arising from the dual representation of both defendants by a single attorney. "The defenses of both defendants rose and fell together. It was for such situations where the harm is incalculable that the prophylactic rule of . . . *Breaker*, supra, was devised. . . ." Id., 245 Pa.Super. at 342, 369 A.2d at 433. See, also *Commonwealth v. Duffy*, 483 Pa.Super. 170, 394 A.2d 965 (1978).

In the instant case, a totally new predicament was presented to the appellant when the severance was granted in that until that point there was very little reason to question the wisdom of dual representation. Thereafter, the trial judge discerned the risk of possible conflict, yet failed to inquire of the defendants or their counsel, whether in fact such conflict did in fact exist and further failed to advise them what a single counsel could do by way of representation. The only excuse the trial judge could offer was that it would be impractical to try the case later on in the criminal term. This scheduling difficulty certainly does not outweigh the defendant's rights to be effectively assisted by counsel.

Accordingly, the judgment of sentence is reversed and the case is remanded for a new trial.

GATES, J., files a dissenting opinion.

GATES, Judge, dissenting:

This is an appeal from the judgment of sentence imposed by the Court of Common Pleas of Lackawanna County after appellant was convicted in a bench trial of conspiracy to deliver a controlled substance. He asserts several grounds for relief, none of which justify reversal and I would therefore affirm the judgment of the lower court.

On the night of January 27, 1977 Scranton Police Officers Rescigno and Hughes of the K-Squad Vice, Prostitution and Drugs, received a telephone call from the desk clerk at the Scranton Holiday Inn. The officers arrived at the Inn and were admitted by desk clerk into a room adjacent to the room in which appellant and others were staying. The officers heard one of the defendants[1] discuss the fact that there was a quantity of marijuana in their truck parked outside and it was their intention to make deliveries of this marijuana the following morning. Immediately, the officers proceeded to obtain a search warrant. The warrant was obtained from the nearest available magistrate, inasmuch as the magistrate of the district in which the truck was located was unavailable. The officers then returned to the Holiday Inn and attempted to personally serve a copy of the warrant on John Vucinich the owner of the Chevrolet camper truck which was eventually searched. Vucinich refused to accept a copy of the warrant and he pushed it back at the police officer. The search revealed thirteen (13) burlap bags containing marijuana.

As a result of the investigation the officers arrested John Vucinich, Janet Vucinich, James B. Matthews and the appellant William Bazil Yannariello.

A suppression hearing was held on May 27, 1977. After the hearing the judge refused the application.

Thereafter, on June 2, 1977, the four defendants were brought to trial and all agreed to waive a jury trial. At the conclusion of the Commonwealth's evidence the trial judge granted the motion for severance made by counsel for John and Janet Vucinich. The announced purpose was that Mr. Vucinich informed counsel that he intended to testify as a witness for the Commonwealth. The Vucinichs' case was continued and John Vucinich testified for the Commonwealth against the defendants Yannariello and Matthews.

However, before Vucinich testified, counsel for appellant and Matthews made the following motion: "I would move at

---

1. Four individuals, including appellant were in the room and all were ultimately arrested and prosecuted.

this time for a continuance on the basis that there may be a conflict of interest with me representing Mr. Matthews and Mr. Yannariello at the same time." The motion was refused, Vucinich testified and the Commonwealth rested. Appellant and his co-defendant offered no defense and did not testify. Appellant was found guilty and was subsequently sentenced. This appeal followed. Appellant asserts six arguments in support of reversal.

## I

Appellant contends that the trial court erred in admitting evidence in violation of Pa.R.Crim.P. 2008(a)[2] in that the police, at the time they seized the property, failed to leave with appellant a copy of the search warrant receipt for the seized property. The Commonwealth argues that: (1) the person from whom or from whose premises the property was taken is John Vucinich, and (2) since Vucinich was personally served with the warrant at the Holiday Inn and he pushed the papers back at the police officers and refused to accept them that Vucinich has waived his rights under Rule 2008(a).

We need not reach the issues of whom the property was taken from or whether a waiver occurred since the remedy appellant seeks is unavailable.

In *Commonwealth v. Jones*, 245 Pa.Super. 487, 369 A.2d 733 (1977) "[w]e held that neither the lower court nor the Superior Court has the power to fashion a rule that requires the exclusion of evidence because of a violation of a Rule of Criminal Procedure. The general supervisory and administrative authority over all the courts is vested solely in the Supreme Court of Pennsylvania and if such a rule is to be promulgated or the present rule amended it is within the

2. Pa.R.Crim.P. 2008 provides:
 "(a) A law enforcement officer, upon taking property pursuant to a search warrant, shall leave with the person from whom or from whose premises the property was taken a copy of the warrant and affidavit(s) in support thereof, and a receipt for the property seized. A copy of the warrant and affidavit(s) must be left whether or not any property is seized."

jurisdiction of the Supreme Court." *Commonwealth v. Walls*, 255 Pa.Super. 1, 386 A.2d 105 (1978). Hence, it is not within our power to suppress the evidence appellant claims was seized in violation of Pa.R.Crim.P. 2008(a).

## II

Appellant alleges that the trial judge erred in failing to suppress the illegally obtained evidence on the ground that the issuance of the search warrant violated Pa.R.Crim.P. 2001.[3] It is contended that the issuing authority lacked jurisdiction to issue the search warrant. A district justice is authorized to issue a search warrant outside of his own district, so long as it is within the same county. *Commonwealth v. Shaheen*, 257 Pa.Super. 393, 390 A.2d 1294 (1978); *Commonwealth v. Ryan*, 257 Pa.Super. 538, 391 A.2d 612 (1978), both affirmed in 484 Pa. 602, 400 A.2d 1264 (1979).

## III

Appellant contends that the issuing authority erred in issuing a search warrant because probable cause was lacking. Following the suppression hearing, in a memorandum opinion, Judge Walsh (R135a) made formal findings of fact and his able discussion supports a finding of probable cause and needs no further elaboration.

## IV

The appellant also contends that the information which formed the basis for a finding of probable cause, was obtained in violation of the appellant's reasonable expectation of privacy. Specifically appellant argues that the content of the conversation heard by the police officers in the adjacent motel room was an invasion of appellant's justifiable expectation of privacy. This issue has been ruled upon adversely

---

3. Pa.R.Crim.P. 2001 provides: "A search warrant may be issued by an issuing authority having jurisdiction of the person or place to be searched."

to the position appellant now asserts. *United States v. Fisch*, 474 F.2d 1071 (9th Cir. 1973) cert. denied 412 U.S. 921, 93 S.Ct. 2742, 37 L.Ed.2d 148; *Commonwealth v. Cooper*, 240 Pa.Super. 477, 362 A.2d 1041 (1976), vacated on other grounds in 468 Pa. 390, 363 A.2d 783 (1976).

## V

Appellant urges that the trial judge erred in granting a severance upon a motion of defense counsel for John and Janet Vucinich because the motion was made in an untimely manner. The consolidation or separation of indictments is a matter for the trial judges, whose conclusions will be reversed only for obvious abuse of discretion or prejudice to the defendant. *Commonwealth v. Bruno*, 203 Pa.Super. 541, 201 A.2d 434 (1964); *Commonwealth v. Smith*, 457 Pa. 638, 326 A.2d 60 (1974); see also American Bar Association Standards Relating to Joinder and Severance, Part II, 2.1. We find no abuse of discretion where, as here, a joint defendant has a change of hear during the course of the trial and agrees to testify for the Commonwealth. In such an event a motion to sever his case from that of the co-defendants is not only wise but imperative.

## VI

Finally, appellant contends that the trial judge erred in not granting a continuance to the remaining co-defendants after the severance so that they would have an opportunity to intelligently evaluate their predicament as a result of dual representation by a single attorney. It is at this point I depart company with my colleagues.

In *Commonwealth v. Breaker*, 456 Pa. 341, 318 A.2d 354 (1974), the four principles to be considered in dual representation cases are set forth. In summary, dual representation alone does not amount to a conflict of interest. *Commonwealth v. Sullivan*, 472 Pa. 129, 371 A.2d 468 (1977). A defendant must demonstrate that a conflict of interest actu-

ally existed at trial because the dual representation alone does not amount to a conflict of interest. *Commonwealth v. Wilson*, 429 Pa. 458, 240 A.2d 498 (1968); *Commonwealth ex rel. Corbin v. Myers*, 423 Pa. 243, 223 A.2d 738 (1966) cert. denied, 386 U.S. 1013, 87 S.Ct. 1361, 18 L.Ed.2d 445 (1967).

To make dual representation rise to a true conflict, appellant need not show that actual harm resulted but at least it must be shown that there is a possibility of harm. Here the appellant's motion for continuance asserted, and only asserted, that a conflict of interest "may" result from dual representation. Appellant did not demonstrate then and he does not demonstrate now that a conflict of interest actually existed at the trial. Nothing in this record indicates a possibility of harm since the appellant's defense was consistent with the co-defendant.

The majority's finding that the ability of appellant to strike a plea bargain with the district attorney was severely hampered is not supported in this record.[4] Nowhere in the record is there an indication that appellant and the remaining co-defendant Matthews offered to plead or offered to plea bargain. There is no evidence of inconsistent defenses between appellant and the remaining co-defendant. There is nothing in the record which would indicate that counsel neglected appellant's case in order to give the remaining co-defendant a more spirited defense. In short there is no showing of a possibility of harm in these proceedings. Consequently, I find no error in the trial judge's refusal to grant the continuance based upon the bald assertion that a conflict of interest may result from dual representation.

I have reviewed the record with care and I conclude that the appellant received a full, fair, impartial and error-free trial. I would affirm the judgment of sentence and thus this dissent.

4. This post trial argument could be made in all cases of dual representation and, if accepted as valid, would frustrate the rule that dual representation alone does not amount to a conflict of interest.