## Commonwealth v. Maheu

*Gail M. Chiodo, assistant district attorney,* for the Commonwealth.

*David R. Eshelman,* for defendant.

STALLONE, *J.,* July 17, 1991—On June 19, 1991, Gail M. Chiodo, Esq., assistant district attorney for the County of Berks, filed a motion with this court seeking to have the undersigned judge recuse himself from presiding over an evidentiary hearing currently scheduled to be held on Wednesday, July 31, 1991. This hearing has been scheduled by the court in order to comply with the memorandum opinion and order of the Superior Court of Pennsylvania handed down in this case on May 21, 1991, in which the Superior Court affirmed the judgment of sentence of this court, but remanded the matter for an evidentiary hearing on 15 separate allegations of ineffective assistance of trial counsel, which were raised by defendant in that appeal.[1]

By order dated June 19, 1991, this court denied the prayer of the Commonwealth's petition for recusal and this opinion is being filed in support of that order.

The Commonwealth first contends that this court should recuse itself for having allegedly contacted LeRoy G. Levan, Esq., on or about March 20, 1990. At that time, the court is "alleged" to have asked him to review the file "for the purpose of looking for issues as to the ineffectiveness of trial counsel" (see

---

1. Defendant filed a timely appeal with the Superior Court of Pennsylvania in this matter on April 23, 1990. On June 6, 1990, defendant filed an application for remand of this case back to this court, in order to allow this court to hold an evidentiary hearing on the issues of ineffective assistance of counsel which were raised by him on appeal. That application was denied by the Superior Court on July 9, 1990. Curiously, the Superior Court has now granted the same relief which was sought by defendant in his initial application for remand.

paragraph 6 of the Commonwealth's petition) and also to attend the hearing on defendant's post-verdict motions which was scheduled for March 21, 1990. It is further "alleged" that the court never informed either the Commonwealth or defendant that it had requested Attorney Levan to attend the post-verdict hearing and also that the court authorized compensation to Attorney Levan for his services.

While the court did contact Attorney Levan concerning this matter, it did not do so, as the Commonwealth alleges, "for the purpose of looking for issues as to the ineffectiveness of trial counsel." Rather, the court contacted Attorney Levan because, on or about Monday, March 19, 1990, two days prior to the post-verdict hearing, the court received a telephone call from trial counsel's mother informing the court once again that he was ill, that his condition was "chronic" and that she was not sure that he would be well enough to attend and represent defendant at the post-verdict hearing scheduled for two days from that date, Wednesday, March 21, 1990. Facing the possibility of perhaps having to postpone the post-verdict hearing for a significant length of time, the court asked Attorney Levan, who was employed at that time by the County of Berks in the position of "conflicts" counsel, to "familiarize" himself with the case so that, in the event that trial counsel was not well enough to proceed, Attorney Levan could represent defendant at the post-verdict hearing. Therefore, given the fact that Attorney Levan was merely on "standby," there was no need to notify either the Commonwealth or defendant, at this time.

By taking this action, the court sought to minimize any undue delay and expense to either the Commonwealth or defendant which would result

from defendant perhaps having to obtain new counsel in the event that trial counsel was not well enough to proceed. The Commonwealth does not allege, nor can it, that the court does not have the responsibility to ensure that a criminal defendant receives the assistance of counsel at all stages of the proceedings and that the case moves expeditiously through the system.

That is particularly true in this case, where a jury found defendant guilty of, inter alia, the offense of involuntary deviate sexual intercourse,[2] an offense which carries with it a mandatory five-year jail sentence to a state correctional facility, upon notice provided by the Commonwealth of its intention to seek imposition of that mandatory minimum sentence. Such notice had already been given to defendant by the Commonwealth on February 20, 1990, pursuant to 42 Pa.C.S. §9718(a). This provision removes any discretion from the trial judge in imposing sentence and instead requires him to impose the mandatory minimum sentence, whether or not he believes it is warranted under the circumstances. Considering the gravity of the penalty that defendant was now facing, this court was of the opinion that it was critical that he be represented at the post-verdict hearing by someone who was physically, emotionally and mentally capable of undertaking that responsibility.

That appointment by the court required attorney Levan to review not only the file, but also defendant's post-verdict motions and the Commonwealth's brief in opposition to those post-verdict motions, as well as to attend the post-verdict hearing.

---

2. 18 Pa.C.S. §3123(5). This provision applies whenever a defendant is alleged to have engaged in involuntary deviate sexual intercourse with a person less than 16 years of age.

As the situation unfolded, however, trial counsel did appear and was able to complete his representation of defendant at the post-verdict hearing, and Attorney Levan therefore did not have to assume that responsibility.

Since Attorney Levan had to take time from his private practice to accommodate the request of the court, his time and services relative to this matter were properly deserving of compensation. For that reason, on April 9, 1990, this court entered an order approving "reasonable" compensation to Attorney Levan in the sum of $280.

As a result, the Commonwealth's first allegation is without merit.

Secondly, the Commonwealth contends that the court should recuse itself for having held certain out-of-court conversations with assistant district attorney Gavin subsequent to the trial. In those conversations, the court is "alleged" to have told assistant district attorney Gavin that he should attempt to work out a guilty plea to a "lesser" charge than involuntary deviate sexual intercourse because, among other reasons, the court made a list of reasons why trial counsel was "ineffective" and that, but for trial counsel's ineffectiveness, the jury would have acquitted defendant on all counts.

Assuming only for the purpose of this proceeding that those "allegations" are true, it is well-settled that recusal of the trial judge in a pending criminal matter is appropriate only when there is substantial doubt as to his or her ability to continue to preside in an impartial manner. *Commonwealth v. Lemanski,* 365 Pa. Super. 332, 529 A.2d 1085 (1988); *Commonwealth v. Boyle,* 498 Pa. 486, 447 A.2d 250 (1982). The Code of Judicial Conduct, Canon 3, subdivision (c)(1) (1974), provides the standard for recusal by stating:

272

"(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where

"(a) he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;. . ."

Therefore, the party seeking recusal bears the burden of alleging and, then if properly alleged, producing sufficient evidence of personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding which would warrant the requested recusal. *Commonwealth v. Council,* 491 Pa. 434, 421 A.2d 623 (1980).

In this case, the Commonwealth failed to even allege in its written motion any personal "bias" or "prejudice" by this judge for or against either the Commonwealth or defendant. Likewise, the Commonwealth failed to even assert in its written motion that this judge has any "personal knowledge of disputed evidentiary facts concerning the proceeding." And, having been a judge in this court of common pleas for four years, who has been assigned to the criminal division for the past three and one-half years, this judge is well capable of and does, on a daily basis, make judicial decisions based strictly upon the law and the evidence placed upon the written record of the case in the courtroom, rather than upon any personal feelings he may have and that "may have been" expressed in private conversation with counsel outside the courtroom.

We are therefore satisfied that the allegations in the Commonwealth's petition, taken as a whole, are "frivolous" and without any foundation and merely represent an attempt by the Commonwealth to engage in "judge shopping," a practice which cannot

be tolerated at any stage of the proceedings. See *Commonwealth v. Ryan,* 484 Pa. 602, 400 A.2d 1264 (1979).

For the foregoing reasons, we reaffirm our order of June 19, 1991, denying the prayer of the Commonwealth's motion for recusal.