**Frank McDOWELL, Plaintiff,**

v.

**WETTERAU, INC., Defendant.**

Civ. A. No. 95–1546.

United States District Court,
W.D. Pennsylvania.

Oct. 31, 1995.

Lawrence P. Lutz, Lindsay, Lutz, Jackson, Pawk & McKay, Butler, PA, for plaintiff.

James A. Prozzi, Jackson, Lewis, Schnitzler & Krupman, Pittsburgh, PA, for defendant.

## MEMORANDUM ORDER

LEE, District Judge.

Before the Court is plaintiff's Motion to Remand (Document No. 4) to which defendant has responded in its Defendant's Response to Plaintiff's Motion to Remand (Document No. 6).

## Background

Plaintiff commenced this action in the office of a District Justice in Butler County, Pennsylvania, on May 4, 1995.

A hearing was held on July 26, 1995. The defendant appeared and raised various federal issues and submitted a brief to the District Justice wherein numerous issues of federal law were raised. Following the hearing, the District Justice entered judgment for the defendant.

Pursuant to Pa.R.C.P.D.J.Rule 1002, plaintiff filed an appeal in the Court of Common Pleas of Butler County, Pennsylvania, and pursuant to Pa.R.C.P.D.J.Rule 1004, the plaintiff then filed a complaint in that court.

On September 28, 1995, the defendant, pursuant to 28 U.S.C. § 1441 and 1446, filed its notice of removal with this Court.

Plaintiff's motion for remand was filed October 17, 1995.

## Discussion

 Counsel for the parties have cited no authority with regard to the precise issue involved here: Whether a civil action can be removed from the office of a Pennsylvania District Justice pursuant to 28 U.S.C.A. § 1441(a).

Based on independent research, and particularly the ruling of the U.S. Court of Appeals for the Third Circuit in *Sun Buick, Inc. v. Saab Cars USA, Inc.*, 26 F.3d 1259 (3d Cir.1994) (Pennsylvania Board of Vehicles was not state court from which federal removal statute authorized removal), the Court finds that a civil action may be removed from the office of a District Justice in Pennsylvania pursuant to 28 U.S.C.A. § 1441(a) and that defendant should have removed this action within 30 days of its receipt of the complaint or other pleading from the office of the District Justice.[1]

---

1. The defendant does not challenge or controvert the assertion of the plaintiff that counsel for the defendant appeared at the hearing on July 26, 1995, before the District Justice and "raised various federal issues and submitted a brief to the District Justice concerning numerous issues of federal law." (Motion to Remand, ¶ 3). *See Foster v. The Mutual Fire, Marine & Inland Ins.*

Initially, the Court finds the action in question is a civil action since it represents a claim by the plaintiff for severance pay and unused vacation days, personal days and sick days in the total amount of $3,460.

The paramount issue that arises is whether the action was brought in a "state court," so as to be removable pursuant to 28 U.S.C.A. § 1441(a).

The Court finds that a District Justice's court or office is a "state court" in that regard:

(i) It is part of the unitary court system of the Commonwealth of Pennsylvania. *See* Article 5, Constitution of the Commonwealth of Pennsylvania, § 10, 42 Pa.C.S.A. § 301(9). *Cf. Com. v. Ryan,* 400 A.2d 1264, 484 Pa. 602 (1979), *appeal after remand,* 442 A.2d 739, 296 Pa.Super. 222 (Unless specifically limited, a District Justice's jurisdiction is concurrent with that of a judge of the Court of Common Pleas, and, the District Justice has at least countywide jurisdiction for issuance of a search warrant.)

(ii) A District Justice is subject to the supervisory authority of the Pennsylvania Supreme Court. *In re: Franciscus,* 369 A.2d 1190, 471 Pa. 53 (1977), *cert. denied,* 434 U.S. 870, 98 S.Ct. 212, 54 L.Ed.2d 148.

(iii) The District Justice in question had jurisdiction to award damages in assumpsit in an amount not to exceed $8,000, 42 Pa.C.S.A. 1515(a)(3) and he did not lack the attributes of a court such as disinterestedness, separation from executive and learnedness in the law. *Sun Buick, Inc.,* at 1266. *See also, DeLallo v. Teamsters Local Union # 776,* 1994 WL 423873 (E.D.Pa.). *See also,* Minor Judiciary Educations Act, 42 Pa.C.S.A. § 3111, *et seq.*

The defendant cites *Com. of Pa. v. Newcomer,* 618 F.2d 246 (3d Cir.1980) as authority for its assertion that its removal of this action was appropriate.

The Court finds *Newcomer* inapposite. The removal there was based on 28 U.S.C. § 1442(a), and defendant's position is undercut by the observation of the Third Circuit Court of Appeals in *Sun Buick* at 1262, "The force of *Kolibash* [*v. Committee on Legal Ethics,* 872 F.2d 571 (4th Cir.1989)] on the issue before us is diminished, however, because removal in *Kolibash* was based on 28 U.S.C. § 1442(a), n. 4, the federal officer removal statute, which is broadly construed, *as distinguished from § 1441, the removal statute here, which is strictly construed.*" (Emphasis supplied).

### Removal Jurisdiction

■ The burden of establishing federal jurisdiction is placed upon the parties seeking removal. *See Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921). A court must strictly construe removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 107–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). 28 U.S.C. § 1441 is "should be strictly construed and all doubts should be resolved in favor of remand." *Sun Buick, Inc.,* at 1262; *Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26 (3d Cir.1985).

**NOW, THEREFORE,** this 31st day of October, 1995, it is hereby

ORDERED that the Clerk is directed to remand the above case forthwith to the Court of Common Pleas of Butler County, Pennsylvania.

---

*Co.,* 986 F.2d 48, 54 (3d Cir.1993) (If the document which serves as the initial pleading sets forth the information establishing federal jurisdiction, the defendant must file a notice of removal within 30 days of receipt of the document.)