402 A.2d 1358
COMMONWEALTH of Pennsylvania
v.
Jonathan REASON, Appellant.

Supreme Court of Pennsylvania.

Argued April 26, 1979.
Decided July 6, 1979.
Reargument Denied Aug. 15, 1979.

Raymond J. Takiff, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Sheldon M. Finkelstein, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION

LARSEN, Justice.

Appellant, Jonathan Reason, was arrested on December 21, 1974, at the scene of the robbery and murder of Simon Spivey. On March 31, 1975, appellant filed an application to suppress inculpatory statements which he made to the police following his arrest. On that same date, the lower court scheduled a suppression hearing to be held on May 15; the Commonwealth filed an answer to said application on May 12. At the suppression hearing, the appellant objected to the Commonwealth's answer on the grounds that it was filed late in violation of Pa.R.Crim.P. 308.[1] Had the suppression

---

1. Pa.R.Crim.P. 308, as it existed at the time of the suppression hearing, provided in relevant part:
   Answers to pretrial applications
   (a) Answers may be filed not later than seven days after service of the pretrial application, except for good cause shown. Failure to answer shall be deemed an admission of all well pleaded facts averred in the application.

court applied the terms of Rule 308(a), the appellant's application to suppress would have been granted. However, the suppression court admitted the Commonwealth's answer as filed and following the hearing, the appellant's application to suppress was denied.

In July of 1976, a jury found appellant guilty of murder of the first degree and robbery. Post-verdict motions were denied and appellant was sentenced, on January 6, 1977, to life imprisonment for murder and a concurrent term of ten to twenty years imprisonment for robbery. This appeal was then taken.[2]

Appellant contends that the lower court erred in denying his application to suppress due to the alleged late filing of the Commonwealth's answer in violation of Rule 308(a) footnote 1, *supra*. This contention is without merit.

■ At the time of the suppression hearing, Rule 308 did not apply to pretrial applications to suppress evidence. *Commonwealth v. Waters*, 248 Pa.Super. 123, 374 A.2d 1348 (1977); *Commonwealth v. Knapp*, 75 Pa.D.&C.2d 1 (1975). Rather, the rule applicable to such applications was Pa.R. Crim.P. 323(e) which provided in relevant part:

Rule 323. Suppression of Evidence

(e) Upon the filing of such application, a judge of the court shall fix a time for hearing, which may be either prior to or at trial, and which *shall afford the attorney for the Commonwealth a reasonable opportunity for investigation and answer, and shall enter such interim order as may be appropriate* in the interests of justice and the expeditious disposition of criminal cases. (Emphasis added).

Additionally, the comments which follow Rule 323 state, "[T]he rule is designed to provide a single procedure for the suppression of evidence . . ."; thus further supporting

---

Rule 308 was amended in June of 1977, to eliminate the requirement of filing an answer to a pretrial motion except upon court order.

2. We have reviewed the evidence and it is sufficient to sustain appellant's conviction of murder of the first degree and robbery.

our position that Rule 323 is appropriate here and not Rule 308.

■ In this case the Commonwealth's answer was filed three days before the hearing and from the record it can be determined that appellant was adequately prepared to present his arguments at the suppression hearing. Therefore, we hold, that the lower court properly exercised the discretion which it has pursuant to terms of Rule 323(e) in admitting the Commonwealth's answer as filed.[3]

Judgments of sentence affirmed.

EAGEN, C. J., concurs in the result.

**3.** Additionally, appellant contends that he was incompetent to stand trial; that his two inculpatory statements given prior to arraignment were the product of an unnecessary delay in violation of Pa.R. Crim.P. 130; that the lower court erred in admitting a post-mortem slide depicting the decedent with a sheet covering all but his head; that the Commonwealth failed to prove appellant's legal sanity beyond a reasonable doubt; that the lower court erred by instructing the jury only on the "McNaughten" standard of insanity; that trial counsel was appointed late and therefore lacked the time necessary to prepare for trial. We have reviewed the record and found each of these contentions to be without merit. Appellant's final contention is that the lower court erred in refusing to declare a mistrial when a witness referred to appellant's ability to testify at trial. Appellant waived this issue by failing to raise it in his written post-verdict motions. *Commonwealth v. Hagans*, 483 Pa. 415, 397 A.2d 412 (1979).