407 A.2d 1345

**COMMONWEALTH of Pennsylvania**

v.

**William F. RYAN, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 12, 1978.

Decided July 27, 1979.

Reargument Denied Dec. 6, 1979.

Reargument Denied Aug. 5, 1980.

Petition for Allowance of Appeal Denied Aug. 22, 1980.

Frederick W. McBrien, III, Norristown, for appellant.

Eric J. Cox, Assistant District Attorney, Chief, Appeals Division, Norristown, for Commonwealth, appellee.

Before VAN der VOORT, WATKINS and MONTGOMERY, JJ.

WATKINS, Judge:

This is an appeal by the defendant-appellant, William F. Ryan, from the judgment of sentence of the Court of Common Pleas of Montgomery County, Criminal Division, after conviction by a jury on ten counts of theft by receiving stolen property; and from the denial of post-trial motions.

On January 3, 1977 and January 4, 1977, the Pennsylvania State Police and Philadelphia Police executed two separate search warrants upon the premises of Connor's Used Auto Parts in Conshohocken, Pennsylvania. On January 17, 1977, the defendant was arrested and charged with various counts of receiving stolen property, possession of an automobile with a defaced serial number, and one count of criminal mischief in excess of $5,000.00. After his preliminary hearing, the defendant filed a motion to suppress the evidence obtained pursuant to the search warrants. The petition to suppress the evidence attacked the reliability of the informant on whose information the original search warrant was issued; the service and execution of the search warrants; alleged that the information supplied by the informant was stale and that the warrant was not issued upon a showing of probable cause. He also alleges that since the second search warrant was based upon information gathered as the result of the original search that it too should have been suppressed because it was based upon information unlawfully gathered and, therefore, should be suppressed as the fruit of an unlawful search.

At the suppression hearing, the Commonwealth produced the search warrants and the accompanying affidavits and rested its case without producing any witnesses or testimony. The court denied defendant's motion to suppress and the case then proceeded to trial before a jury on June 15, 1977. On June 22, 1977, the jury returned a verdict of guilty against the defendant to ten counts of receiving stolen property. The defendant was sentenced to a term in prison of two and one-half to five years. Defendant appealed.

At argument, the court heard Commonwealth's motion to quash the appeal for failure of the defendant to comply with the Pennsylvania Rules of Appellate Procedure with respect to the form and content of reproduced records. The defendant filed an answer to the Commonwealth's petition to quash admitting certain technical defects in its brief but also alleging that the reproduced record was filed prior to the September 12, 1978 argument date pursuant to President

Judge Jacobs' directive. Since it appears that the defendant did comply with Judge Jacobs' directive, we will deny the Commonwealth's motion to quash.

 Defendant's first allegation of error is that the evidence seized pursuant to the search warrants should have been suppressed by the court below because the District Justice failed to forward an inventory of the seized items to the Clerk of Courts as required by *Pennsylvania Rule of Criminal Procedure No. 2010*. The rule does require the judicial officer to whom a search warrant is returned to file the search warrant, all supporting affidavits, and the inventory of seized items with the Clerk of Court. However, failure to do this does not require the suppression of all evidence seized by the police pursuant to the search warrant. The failure to file the inventory with the Clerk of Courts office did not violate any of defendant's constitutional rights, did not invalidate the search warrant, nor did it affect its execution. Therefore, we hold that the failure of the district justice to return the inventory to the Clerk of Courts prior to the date of the suppression was merely an administrative error which did not affect defendant's rights in any way. See *Commonwealth v. Jones*, 245 Pa.Super. 487, 369 A.2d 733 (1977).

Defendant's second assignment of error is that the court below erred when it allowed the Commonwealth to introduce the search warrant and the accompanying affidavit at the suppression hearing without producing any testimony at all. The Commonwealth produced no witnesses or testimony, at the suppression hearing after which the court below denied defendant's motion to suppress. The Commonwealth contends that because *Pennsylvania Rule of Criminal Procedure No. 2003(b)* states that the proof of the validity of a search warrant is determined exclusively from the four corners of the document that it had no obligation to offer anything than the documents themselves in order to establish the validity of the search and seizure. The Commonwealth further argues that the defendant was not precluded from presenting his own witnesses at the suppression hearing to challenge the veracity of the affiant.

*Pennsylvania Rule of Criminal Procedure No. 2003(b)* provides as follows:

"(b) At any hearing on a motion for the return or suppression of evidence, or for suppression of the fruits of evidence, obtained pursuant to a search warrant, no evidence shall be admissable to establish probable cause other than the affidavits provided for in paragraph (a)."

*Pennsylvania Rule of Criminal Procedure 323(h)* places the burden on the Commonwealth to establish that any evidence sought to be used at trial and which is the subject matter of a defendant's suppression motion was not obtained in violation of a defendant's rights. *Commonwealth v. Dixon,* 226 Pa.Super. 569, 323 A.2d 55 (1974). Defendant argues here that the Commonwealth's failure to produce anything at the suppression hearing other than the search warrant and affidavit effectively deprived him of the right to test the veracity of the information contained in the search warrant. The Commonwealth contends that since defendant could have called any witness he chose that he was not deprived of his right to challenge the veracity of the affidavit. Defendant argues that such a procedure shifted the burden of proof to the defendant so that the defendant now had the burden of *disproving* the truthfulness of the information contained in the affidavit in violation of *Rule 323(h),* supra.

In *Commonwealth v. Hall,* 451 Pa. 201, 302 A.2d 342 (1973), it was held that a defendant has the right to test the veracity of the facts establishing probable cause recited in the affidavit which support the issuance of the search warrant. Defendant has the right to test such facts through cross-examination of the Commonwealth's witnesses. He may also testify himself or call his own witnesses. A defendant at a suppression hearing is to be afforded the opportunity through "the traditional safeguard" of cross-examination, to test the truthfulness of the recitals in the warrant alleging the informant's previous reliability.

In the instant case the defendant was prevented from exercising his right to test the veracity of the informa-

tion contained in the search warrant. The burden is on the Commonwealth to establish the validity of the search warrant and the burden is not carried by merely introducing the search warrant and affidavit with no supporting testimony because then the only way for the defendant to challenge the veracity of the information is to call witnesses himself and this effectively shifts onto him the burden of disproving the veracity of the information, an almost impossible burden. If the procedure followed by the Commonwealth in this case were upheld then policemen could recite in an affidavit as probable cause for the issuance of a search warrant any and all statements which they felt were of help in obtaining the warrant, irrespective of the truth or veracity of those statements, their legality or illegality, or constitutionality or unconstitutionality, realizing that such statements would be insulated from defendant's right of cross-examination since the Commonwealth did not have to call witnesses who would be subject to cross-examination to establish the facts necessary to support the issuance of the search warrant. Therefore, we must hold that the Commonwealth failed to carry its burden of proof at the suppression hearing. To rule otherwise would permit police in every case to exaggerate or to expand on the facts given to the issuing authority merely for the purpose of meeting the probable cause requirement, thus precluding an objective determination of whether probable cause for the warrant existed. *Commonwealth v. D'Angelo*, 437 Pa. 331, 263 A.2d 441 (1970); *Commonwealth v. Smith*, 250 Pa.Super. 436, 378 A.2d 1015 (1977).

The Commonwealth's reliance on *Pennsylvania Rule of Criminal Procedure No. 2003(b)* for support of its contention that only the affidavit need be admitted at the suppression hearing in order to carry its burden is misplaced. The rule stands for the proposition that only evidence as set forth in the affidavit can be considered in determining whether or not the issuing authority had probable cause to issue the warrant. It does not mean that only the affidavit, i. e. the physical document itself, can be admitted into

evidence. As discussed above the mere introduction of the physical document is *not* sufficient to sustain the Commonwealth's burden of proof because the document does not lend itself to cross-examination which is the defendant's right. *Commonwealth v. Hall, supra.* While the court could not venture outside the four corners of the affidavit in deciding whether probable cause existed, it is still the Commonwealth's burden to prove the validity of the statements contained in the affidavit and this can only be done by real, live witnesses who are subject to cross-examination by the defendant.

■ The defendant must spell out in his petition to suppress his specific complaints concerning the warrant so that the Commonwealth is alerted to the burden of proof it must meet. A bald statement that the Commonwealth failed to show probable cause, without more, could be met by the introduction of the warrant and the affidavit. Here, the defendant detailed his allegations of the alleged defects.

The Commonwealth failed to sustain its burden of proof as to probable cause for the issuance of the search warrants and the court below erred, under the circumstances, in dismissing the suppression motion.

The judgment is reversed and a new trial granted.

VAN der VOORT, J., files a dissenting opinion.

VAN der VOORT, Judge, dissenting:

The primary issue in this case is the challenge by appellant to the validity of two separate search warrants on the grounds that the appellant was deprived of his opportunity to attack the reliability of an informant.

Pertinent facts are that on January 3rd and 4th, 1977, police officers executed the two warrants for Connors Used Auto Parts in Conshohocken in Montgomery County. As a result of evidence discovered in the searches, the defendant-appellant was arrested and charged with a number of counts of receiving stolen property, possession of an automobile with a defaced serial number and a count of criminal mis-

chief in excess of $5,000.00. The defendant filed a petition to suppress the evidence discovered in the searches. The court below refused to suppress the evidence and this appeal followed.

In his statement of questions involved the question relating to the validity of the search warrants is sub-divided into eight issues. One warranting discussion relates to the claim by defendant that he had no opportunity to attack the reliability of the informant who supplied the information on the first warrant.

At the suppression hearing, the Commonwealth introduced into evidence the search warrants and the accompanying affidavits and rested its case. The defendant produced no evidence, the suppression Judge denied the defendant's motion and the case proceeded to trial. The defendant was found guilty of ten counts of receiving stolen property.

The defendant claims that the Commonwealth in a suppression hearing challenging the reliability of an informant must do more than introduce into evidence the warrants and affidavits. The majority holds that the Commonwealth must in the first instance produce more evidence than the affidavits supporting the warrants. The majority pronounces this Rule notwithstanding Pa.R.Crim.P. 2003 which says that:

*"Rule 2003*

(b) At any hearing on a motion for the return or suppression of evidence, or for suppression of the fruits of evidence, obtained pursuant to a search warrant, no evidence shall be admissible to establish probable cause other than the affidavits provided for in paragraph (a)." [The affidavits supporting probable cause.]

The majority also rely upon Pa.R.Crim.P. 323:

*"Rule 323*

(h) The Commonwealth shall have the burden of going forward with the evidence and of establishing the admissibility of the challenged evidence. The defendant may testify at such hearing, and, if he does so, he does not thereby waive his right to remain silent during trial."

It seems to me these Rules make it quite clear that in a suppression hearing, such as is involved here, the Commonwealth has the burden of going forward with the evidence and of establishing the admissibility of the challenged evidence in so far as it depends on probable cause. The Commonwealth is limited however in establishing probable cause to the affidavits supporting probable cause. Rule 2003 provides expressly that no evidence shall be admissible to establish probable cause other than the affidavits supporting that issue. If the defendant desires to test the credibility of the affiant or the reliability of an informant he may do so. This right was clearly established in the case of *Commonwealth v. Hall*, 451 Pa. 201, 302 A.2d 342 (1973). *Hall* ruled that a defendant at a suppression hearing should be "afforded the opportunity through 'the traditional safeguard' of cross-examination, to test the truthfulness of the recitals in the warrant alleging the informant's previous reliability."

After the Commonwealth has introduced the affidavits and the warrants which, if they are sufficient to do so, establish prima facie their validity [if the affidavits are insufficient the challenged evidence is of course not admissible]. The defendant faced with a prima facie showing as in most legal proceedings is privileged to challenge the validity of the warrants by attacking the prima facie showing. The defendant has the power and privilege of subpoenaing witnesses, calling his own witnesses or testifying himself without waiving his right to remain silent during the trial. The defendant may call the affiant for cross examination in order to test the veracity of the statements in the affidavit supporting probable cause.

The defendant raises eight other issues in his statement of questions involved. These issues related to severance, prejudicial testimony, photographs, demonstrative evidence, summation by the attorney for the Commonwealth, mis-statement of the law by the Court, after discovered evidence and insufficiency of the evidence, all of which are without merit.

I dissent from holding of the majority that the Commonwealth in the first instance must produce evidence in addition to the warrants and affidavits notwithstanding the provisions of Pa.Crim.P. Rule 2003 that no such additional evidence shall be admissible to establish probable cause.