416 A.2d 1123

**COMMONWEALTH of Pennsylvania**

v.

**George David BROWN, a/k/a "Peanuts", Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 7, 1979.

Filed Dec. 21, 1979.

130

P. Richard Wagner, Harrisburg, for appellant.

Gaylor E. Dissinger, Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before WATKINS, MANDERINO and CIRILLO, JJ.*

PER CURIAM:

Appellant, George David Brown, was convicted by a jury of murder of the second degree and sentenced to life imprisonment stemming from the robbery and shooting death of David Mark Fleischer. This appeal followed.

■ The first issue raised by appellant is an alleged violation of Pa.R.Crim.P. 1100 in failing to bring appellant to trial within 180 days. A total of 837 days elapsed between the filing of the complaint and the trial. However, 748 days are excludable, appellant being incarcerated in Maryland during this time. Although appellant contends that this time should be excluded because the prosecution failed to exercise due diligence, the record does not support appellant. Appellant fought extradition extensively and the prosecution diligently attempted to secure his return to Pennsylvania. The prosecution timely applied for an extension of time under Rule 1100 and the trial court did not err in so granting.

■ Appellant next contends that a statement was not voluntary because after being transferred to Pennsylvania from Maryland, he was incarcerated and in solitary confinement for nine days prior to giving his statement to the police. The nine-day incarceration, however, was not related to any questioning by the police, but rather because appellant had a history of violence and had stabbed a fellow prison inmate in Maryland. Moreover, appellant initiated the meeting with law enforcement officials at which he gave his statement after being given his *Miranda* rights. Under these circumstances there is no basis for concluding his statement was involuntary.

* Justice Louis L. Manderino of the Supreme Court of Pennsylvania, and Judge Vincent A. Cirillo of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

132

■ Appellant further argues this statement should be suppressed because legal counsel should have been appointed prior to the time he requested the meeting. Appellant, however, was fully informed as to his right to counsel at the meeting and waived such right both prior to and during his statement.

■ Contrary to appellant's next argument, there was no violation of the Supreme Court's requirement in *Commonwealth v. Davenport*, 471 Pa. 278, 370 A.2d 301 (1977). The police took custody of appellant in York County and arraignment took place in the same county one-half hour later.

■ The last issue raised by appellant is that his statement should have been suppressed because the prosecution failed to answer the motion to suppress until nineteen days after it was served. The prosecution's answer however was filed within the time permitted by the trial court. Under these circumstances, there was no basis to suppress appellant's statement. *Commonwealth v. Reason*, 485 Pa. 450, 402 A.2d 1358 (1979) (Slip opinion by Larsen, J., filed July 6, 1979).

Judgment of sentence affirmed.

This decision was reached prior to the death of MANDERINO, J.