434 A.2d 181

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**George H. BRADSHAW.**

Superior Court of Pennsylvania.

Argued May 26, 1981.

Filed Aug. 28, 1981.

---

Ellen Mattleman, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Edward Reif, Philadelphia, for appellee.

Before WICKERSHAM, McEWEN and WIEAND, JJ.

WICKERSHAM, Judge:

This is an appeal from an order granting appellee's motion to suppress evidence.[1] The sole issue presented is whether

---

1. The Commonwealth has alleged that the order of the lower court granting the motion to suppress will substantially handicap its prosecution of appellant. This appeal is, therefore, properly before us. *Commonwealth v. Martz*, 259 Pa.Super. 201, 393 A.2d 787 (1978).

evidence obtained pursuant to a facially valid search warrant should be suppressed because the informant's tip, which was reasonably believed by the governmental affiant, was based on a deliberate misstatement.[2]

The pertinent facts are as follows. On April 14, 1980, silver and jewelry worth over $30,000 were stolen from a house in Media, Pennsylvania. The next day, the Philadelphia police received a tip from a reliable informant stating that he was with appellee, George Bradshaw, in his home during the late evening of April 14, 1980 and that he saw silver and jewelry stolen from a home in Media. After verifying the occurrence of such a burglary in Media, the Philadelphia police obtained a warrant that same day to search Bradshaw's house. While conducting the search, the police found the silver and jewelry which was taken during the burglary in Media.

A suppression hearing was held on October 31, 1980. Bradshaw testified that on the night of the burglary he was in Atlantic City, New Jersey from approximately 7:15 p. m. until 4:00 a. m. Appellee's testimony was supported by three witnesses and various bills and receipts from Atlantic City establishments. The suppression court concluded that Bradshaw had spent the evening of the burglary in Atlantic City and, accordingly, found that the informant had falsely reported to the police affiant that he saw the stolen items in appellee's house and in appellee's presence. The court then suppressed the evidence because of the informant's misrepresentation even though it concluded that the search warrant was facially valid and that it had been obtained in good faith by the police on what appeared to be reliable information.

The fourth amendment prohibits "unreasonable searches" and provides that "no Warrants shall issue, but upon proba-

2. Appellee alleges that the Commonwealth has waived this issue because it failed to object to the admission of the evidence allegedly proving that the informant deliberately lied. In light of our holding, the admission of the evidence in question is immaterial.

ble cause, supported by Oath or affirmation . . . ." U.S. Const. amend. IV. To safeguard this guarantee, the exclusionary rule prohibits the admission of evidence seized in violation of the fourth amendment in both federal courts, *Weeks v. United States*, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914), and state courts, *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). The question we must now decide is whether the criminal defendant's fourth amendment rights were violated because the police officer's affidavit was based on a deliberate misrepresentation by the informant.

The United States Supreme Court has recently dealt with a similar case in which false statements were allegedly included in the affidavit supporting the search warrant. *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). In *Franks*, it was held that a court must invalidate the warrant and suppress the fruits of the search if the criminal defendant can prove that the *affiant* made deliberate misstatements or made statements with reckless disregard for the truth and these statements were necessary to the finding of probable cause. Even though the instant case concerns an intentional misstatement by the informant, not the governmental affiant, the rationale and dicta of *Franks* is instructive.

The Court in *Franks* began its analysis by noting that the warrant clause of the fourth amendment is premised on the affiant's good faith. *Id.* at 164, 98 S.Ct. at 2680, 57 L.Ed.2d at 677. The requirement that a warrant be supported by an "Oath or affirmation" presupposes that there is a *truthful* factual showing sufficient to establish probable cause. *Id.* at 164–65, 98 S.Ct. at 2680, 57 L.Ed.2d at 677–678. The facts recited in the affidavit must be truthful, however, only to the extent "that the information put forth is believed or appropriately accepted by the affiant as true." *Id.* at 165, 98 S.Ct. at 2681, 57 L.Ed.2d at 678. The Supreme Court then stated that "[t]he deliberate falsity or reckless disre-

gard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant." *Id.* at 171, 98 S.Ct. at 2684, 57 L.Ed.2d at 682.[3]

Numerous federal courts have interpreted *Franks* to hold that a criminal defendant may only challenge a search warrant by attacking the veracity of the affiant and not the veracity of the informant. *See United States v. Barnes,* 604 F.2d 121 (2nd Cir. 1979); *United States v. Edwards,* 602 F.2d 458 (1st Cir. 1979); *United States v. Weingartner,* 485 F.Supp. 1167 (D.N.J.1979). The court in *United States v. Brian,* 507 F.Supp. 761 (D.R.I.1981) stated that "[t]he question is whether agent Conley [government affiant] accurately and truthfully represented what the informants told him, not whether the informants lied to agent Conley." *Id.* at 764 (citations omitted). Although we believe that the limitation in *Franks* permitting veracity challenges of the affiant but not of the informant is dicta and, therefore, not controlling,[4] we find the limitation to be logical and necessary.

First, the constitutional prohibition of the fourth amendment is against unreasonable searches, not searches based on inaccurate data. As the Supreme Court in *Franks* noted, the oath or affirmation presupposes that the affidavit is truthful only to the extent that it is reasonably believed by the affiant. If, therefore, the affiant has a reasonable belief in the truthfulness of the information contained in the affidavit, even though a mistaken one, the fourth amendment's protection against unreasonable searches and seizures is not violated. *See United States v. Carmichael,* 489 F.2d 983 (7th Cir. 1973 *(en banc).*

**3.** For a discussion of *Franks v. Delaware,* see 32 Baylor L.Rev. 369 (1980) and 1980 Ill.L.F. 601.

**4.** Black's Law Dictionary defines dicta, in pertinent part, as follows: Expressions in court's opinion which go beyond the facts before court and therefore are individual views of author of opinion and not binding in subsequent cases. Black's Law Dictionary, 408 (5th ed. 1979).

Second, we note that permitting challenges to an informant's veracity is inconsistent with the traditional conception of the exclusionary rule as a balance between competing social values: deterrence of police misconduct, on one hand, and conviction of guilty persons, on the other. *See Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Good faith errors like the instant police officer's belief in the informant's misstatement cannot be deterred. Such challenges, therefore, would have no potential deterrence on unreasonable police behavior, yet guilty persons would go free—obviously an unacceptable situation.

Finally, we note that the evidence obtained pursuant to such a search is not likely to be misleading for, no matter how it is obtained, the probative value of physical evidence remains the same.

In conclusion, we acknowledge that Pennsylvania courts do, of course, have the right to increase the substantive and procedural constitutional minimums set forth in *Franks*. *See Cooper v. California*, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967); *Commonwealth v. DeJohn*, 486 Pa. 32, 403 A.2d 1283 (1979); Pa.Const. art. 1, § 8. Long before *Franks* was even decided, it was well established that criminal defendants in Pennsylvania had the right to go beyond the "four corners" of the search warrant and challenge deliberate and material misstatements by the governmental affiant. *Commonwealth v. Hall*, 451 Pa. 201, 302 A.2d 342 (1973); *Commonwealth v. D'Angelo*, 437 Pa. 331, 263 A.2d 441 (1971); *Commonwealth v. Zimmerman*, 282 Pa.Super. 286, 422 A.2d 1119 (1980); *Commonwealth v. Scavincky*, 240 Pa.Super. 550, 359 A.2d 449 (1976). For the foregoing reasons, however, we find no logical or convincing arguments for extending veracity challenges to informants under the Pennsylvania Constitution.

Order of the lower court reversed.