442 A.2d 739

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Patrick RYAN and Marianne L. Casano.**

Superior Court of Pennsylvania.

Argued June 11, 1980.

Filed Feb. 26, 1982.

Petition for Allowance of Appeal Denied June 1, 1982.

Charles P. Eyer, Assistant District Attorney, Stroudsburg, for Commonwealth, appellant.

Peter T. O'Malley, Scranton, submitted a brief on behalf of Ryan, appellee.

George Westervelt, Stroudsburg, for Casano, appellee.

Before HESTER, CAVANAUGH and VAN der VOORT, JJ.

CAVANAUGH, Judge:

█ This is an appeal by the Commonwealth from the lower court's order of October 9, 1979, granting the defendants' motions to suppress evidence.[1] At issue here is which party has the initial burden of proof at a suppression hearing. We agree with the conclusion of the lower court that the Commonwealth bears the initial burden of establishing the admissibility of the challenged evidence, and also with its finding that the Commonwealth did not meet its requisite burden at defendants' suppression hearing. However, we find that the court, having decided the burden of proof issue adversely to the prosecution, should have granted the Commonwealth's motion to reopen the suppression hearing. Accordingly, we reverse the lower court's order granting defendants' suppression motions and remand this case for the reopening of the suppression hearing.

1. This appeal is properly before us since the Commonwealth has alleged that the suppression grant has effectively terminated its prosecution of defendants. *Commonwealth v. Martz*, 259 Pa.Super. 201, 393 A.2d 787 (1978).

This is not the first time this case has been before this court. On June 3, 1977, the lower court granted defendants' suppression motions on the ground that the magistrate improperly issued a search warrant for a premises outside his magisterial district. The Commonwealth appealed from that suppression order and this court reversed and remanded the case. *Commonwealth v. Ryan*, 257 Pa.Super. 538, 391 A.2d 612 (1978), *aff'd*, 484 Pa. 602, 400 A.2d 1264 (1979).

On October 3, 1979, a suppression hearing was held to dispose of the remaining arguments contained in defendants' suppression motions.[2] At that hearing, the prosecutor declined to present any testimony in support of the admissibility of the challenged evidence contending that (1) the decision of the Pennsylvania Supreme Court in *Commonwealth v. Hall*, 451 Pa. 201, 302 A.2d 342 (1973), establishing the right of defendants to attack the veracity of search warrant affidavits, was improperly decided and should be reversed, and (2) assuming the continued validity of *Hall*, defendants, and not the Commonwealth, had the initial burden of establishing a prima facie case as to the untruthfulness of statements contained in a warrant affidavit. In response, defendants argued that Pa.R.Crim.P. 323(h) required that the prosecution go forward with evidence at a suppression hearing. At the conclusion of the October 3 proceeding, both counsel indicated their desire to submit briefs on the burden of proof issue.

In a letter to the suppression court dated October 5, 1979, the Commonwealth stated its understanding that the suppression hearing was "stalled" pending resolution of the burden of proof issue. The Commonwealth also informed

**2.** The gravamen of defendants' suppression claims is that the search warrant affidavit is false and misleading in that it attributes to an informant that which was actually obtained through a New Jersey wiretap. Immediately before the October 3 proceeding, and pursuant to a court order, depositions were taken of individuals allegedly involved in the wiretap. At the suppression hearing, the Commonwealth invited defendants to submit those depositions to the court. Both parties opted not to present evidence but to instead address the burden of proof question. Therefore, the merits of defendants' suppression claims were not considered by the lower court.

the court that it was prepared to go forward with testimony should the court place that burden on the prosecution. Thereafter, the Commonwealth filed a motion to reopen the suppression hearing to present evidence in the event of an adverse ruling on the burden of proof question. On October 9, 1979, the suppression court granted defendants' motions to suppress on the ground that the Commonwealth, by failing to introduce evidence at the October 3 hearing, had not met its requisite burden of proof. The court also denied the Commonwealth's petition to reopen the suppression hearing for the presentation of evidence finding that the prosecution ". . . had ample opportunity to present the necessary evidence at the earlier date." On October 23, 1979, the Commonwealth petitioned the lower court to reconsider the burden of proof issue in light of the decision of the United States Supreme Court in *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1979). That petition was denied without a hearing. This appeal followed.

▆▆▆▆ In this appeal, the Commonwealth urges us to conclude, based on *Franks*, that the defendants have the initial burden, at a suppression hearing, of making a "substantial preliminary showing" of the validity of their challenge to a search warrant affidavit and that their challenge must further be established by a preponderance of the evidence.[3] The Commonwealth argues that *Franks* established new standards for the burden of proof at a suppression hearing, thereby impliedly overruling Pa.R.Crim.P. 323(h) and decisional law in this Commonwealth placing the initial burden of proving the admissibility of the challenged evidence on the prosecution.

We find, however, that the Commonwealth's reliance on *Franks* is misplaced. That decision can in no way be read to impose on a defendant the burden of going forward with

3. Apparently the Commonwealth has now abandoned its suppression hearing argument that defendants should not be entitled to veracity challenges at all as set forth in *Hall*. Indeed, to pursue that argument would be rather disingenuous in light of the Commonwealth's claim that *Franks* must be applied to Pennsylvania suppression proceedings.

evidence in support of suppression. Rather, the Supreme Court in *Franks* considered the narrow issue of whether a criminal defendant ever had a right to challenge the truthfulness of statements contained in a search warrant affidavit. In reversing the Delaware Supreme Court which has absolutely barred defendant's veracity challenge, Justice Blackmun, writing for the majority, stated:

> where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

438 U.S. at 157, 98 S.Ct. at 2676, 57 L.Ed.2d at 672.

*Franks* thus established the right of defendants to a veracity hearing once a genuine attack on a warrant affidavit has been made. That decision, however, set forth only the minimal constitutional standard regarding the allowance of veracity challenges and fully recognized that "... the framing of suitable rules to govern proffers [of defendants concerning the untruthfulness of warrant affidavits] is a matter properly left to the States." 438 U.S. at 172, 98 S.Ct. at 2685, 57 L.Ed.2d at 682. Indeed, in *Commonwealth v. Bradshaw*, 290 Pa.Super. 162, 167, 434 A.2d 181, 183 (1981), this court stated that our courts "do, of course, have the right to increase the substantive and procedural constitutional minimums set forth in *Franks*."[4] Accordingly, we do

---

4. The *Bradshaw* court further noted that *Franks* had little impact on the rights of Pennsylvania criminal defendants to make veracity

not interpret *Franks* to establish binding procedural standards placing the initial burden of proof at a suppression hearing on the defendant. Nor do we find, as the Commonwealth argues, that such an interpretation of *Franks* is critical to the proper management of the criminal justice system.

It is incontrovertible that, here in Pennsylvania, the Commonwealth, and not defendant, has the initial burden of going forward with evidence and of establishing that the challenged evidence was not obtained in violation of defendant's rights. Pa.R.Crim.P. 323(h). Thus, in *Commonwealth v. Hall*, 451 Pa. at 206–207, 302 A.2d at 345, the Pennsylvania Supreme Court rejected a similar argument by the Commonwealth that, prior to a suppression hearing, the defendant must first specify what part of the warrant was inaccurate: [5]

The Commonwealth's position, reduced to its essence, is that while appellant may have the right to challenge the veracity of facts recited in a warrant, he may not do so without first showing the potential falsity of those facts.

We must reject such an unduly restrictive interpretation of *Commonwealth v. D'Angelo*, supra. Such an inter-

challenges, a right established in this jurisdiction long before the decision in that case:

Long before *Franks* was even decided, it was well established that criminal defendants in Pennsylvania had the right to go beyond the "four corners" of the search warrant and challenge deliberate and material misstatements by the governmental affiant. *Commonwealth v. Hall*, 451 Pa. 201, 302 A.2d 342 (1973); *Commonwealth v. D'Angelo*, 437 Pa. 331, 263 A.2d 441 (1971); *Commonwealth v. Zimmerman*, 282 Pa.Super. 286, 422 A.2d 1119 (1980); *Commonwealth v. Scavincky*, 240 Pa.Super. 550, 359 A.2d 449 (1976). 290 Pa.Super. at 167, 434 A.2d at 183.

**5.** The Commonwealth seeks to distinguish *Hall* because appellant in that case had no pre-suppression access to information forming the basis of the allegedly improper search warrant. Here, the Commonwealth argues, since defendants took depositions from individuals involved in the wiretap, see footnote 2, *supra*, they had the discovery necessary to proceed at the suppression hearing. We find this distinction to be irrelevant. The burden of proof required at a suppression hearing is not altered based upon the existence or amount of knowledge a defendant is able to amass prior to the hearing.

pretation would virtually emasculate the teaching of *D'Angelo* that facts supporting a warrant may be shown to be false or misleading.

More recently, this court has reaffirmed the Commonwealth's initial obligation to establish the validity of a search warrant. In *Commonwealth v. William Ryan*, 268 Pa.Super. 259, 407 A.2d 1345 (1979), *remanded*, 489 Pa. 221, 414 A.2d 37, *on remand*, 277 Pa.Super. 262, 419 A.2d 762 (1980), appellant filed a pre-trial motion to suppress evidence seized pursuant to a search warrant. That motion was denied notwithstanding the Commonwealth's failure to present any testimony at the suppression hearing and instead producing only the search warrants and accompanying affidavits. On appeal following defendant's conviction, this court accepted defendant's argument that his suppression motion was improperly denied because the court had shifted onto the defense the initial burden to disprove the truthfulness of information contained in the affidavit:

In the instant case the defendant was prevented from exercising his right to test the veracity of the information contained in the search warrant. The burden is on the Commonwealth to establish the validity of the search warrant and the burden is not carried by merely introducing the search warrant and affidavit with no supporting testimony because then the only way for the defendant to challenge the veracity of the information is to call witnesses himself and this effectively shifts onto him the burden of disproving the veracity of the information, an almost impossible burden. If the procedure followed by the Commonwealth in this case were upheld then policemen could recite in an affidavit as probable cause for the issuance of a search warrant any and all statements which they felt were of help in obtaining the warrant, irrespective of the truth or veracity of those statements, their legality or illegality, or constitutionality or unconstitutionality, realizing that such statements would be insulated from defendant's right of cross-examination since the

Commonwealth did not have to call witnesses who would be subject to cross-examination to establish the facts necessary to support the issuance of the search warrant. Therefore, we must hold that the Commonwealth failed to carry its burden of proof at the suppression hearing. To rule otherwise would permit police in every case to exaggerate or to expand on the facts given to the issuing authority merely for the purpose of meeting the probable cause requirement, thus precluding an objective determination of whether probable cause for the warrant existed.

268 Pa.Super. at 264–265, 407 A.2d at 1348. (Citations omitted).

The instant case is indistinguishable from *Ryan.* The Commonwealth declined to present any testimony to establish that the evidence seized was properly obtained. By refusing to do so, the Commonwealth shifted onto the defendants the burden of disproving the veracity of the affidavit, thereby violating Pa.R.Crim.P. 323(h). Both *Hall* and *Ryan* clearly indicate that this is not, and should not be, the proper procedure at a suppression hearing. Since we cannot agree with the Commonwealth that *Franks* realigned the burden of proof required of each party at a suppression hearing, and instead hold that the Commonwealth has the initial burden of establishing that the challenged evidence was not obtained in violation of defendant's rights,[6] we must affirm the suppression court's conclusion that the Common-

6. Of course, boilerplate allegations regarding the invalidity of a search warrant are insufficient to trigger the Commonwealth's burden of proof. Recently, Judge Hoffman, writing for the majority in *Commonwealth v. Iacavazzi,* 297 Pa.Super. 200, 443 A.2d 795 (1981), noted:

> Merely introducing the warrant and affidavits may be sufficient to meet a "bald statement" that the Commonwealth failed to show probable cause. *Commonwealth v. Ryan,* 268 Pa.Super. at 266, 407 A.2d at 1348. When the defendant specifically complains of defects in the warrant or its execution, he thereby alerts the Commonwealth of a particularized burden of proof on those objections. To satisfy that burden the Commonwealth must introduce witnesses subject to the defendant's cross-examination. *Commonwealth v. Ryan, supra.*

wealth did not meet its requisite burden at defendants' suppression hearing.[7]

■ We do not agree, however, that suppression of the evidence was the appropriate remedy in this particular case. Rather, we find that the lower court, after holding that the Commonwealth had the initial burden of proof at the suppression hearing, and further concluding that the Commonwealth had not met its burden, should have granted the Commonwealth's petition to reopen that hearing in order to present evidence relevant to defendants' suppression claims.

At the October 3, 1979 hearing, after the prosecutor stated his position that he was not required to present any evidence, he then indicated that the Commonwealth had rested "if you want to look at it that way." Following argument by both counsel, the defense requested and was granted permission to submit a brief on the burden of proof issue. The Commonwealth also indicated its desire to file a brief on the burden question. Both parties then stated that they would present no further evidence at the hearing.

On October 5, 1979, along with its brief, the prosecution sent a letter to the court stating its understanding that the suppression hearing was "stalled" pending resolution of the burden of proof question. The Commonwealth also informed the court that it was prepared to present testimony should there be a ruling on that issue which was unfavorable to the prosecution. On October 8, 1979, in an abundance of caution, the Commonwealth petitioned the court to reopen the suppression hearing so that it could introduce evidence in the event the court decided the burden of proof question adversely to the prosecution. Defendants' suppression motions were granted the following day and the court refused to reopen the suppression hearing.

Recently, this court, sitting en banc, considered the propriety of reopening a suppression hearing, after the issuance of a suppression order, to allow the Commonwealth to present

7. The Commonwealth apparently does not dispute that, if the initial burden of proof is placed on the prosecution, it failed to meet its burden at defendants' suppression hearing.

additional testimony. In *Commonwealth v. Branch*, 292 Pa.Super. 425, 437 A.2d 748 (1981) (petition for allowance of appeal denied 10/6/81), this court held that the suppression court acted within its discretion in reopening defendant's suppression hearing. In so doing, the court recognized the distinction between a pre-trial suppression determination and a trial verdict of guilt or innocence, noting that the former is subject to different, and more liberal, guidelines concerning finality. In that case, the prosecution was permitted to present testimony inadvertently omitted at the earlier suppression proceeding.

Applying *Branch* to the instant facts, we find that the lower court abused its discretion in not permitting the reopening of defendants' suppression hearing. This conclusion is even more compelling than in *Branch* since the record fails to conclusively establish that the October 3 hearing was closed. In fact, a review of the suppression proceedings below indicates that all parties believed the suppression hearing to be in abeyance pending resolution of the burden of proof issue. Moreover, on several occasions before the suppression order was entered, the Commonwealth made clear that it was prepared to present testimony and even filed a petition to reopen the suppression hearing so that it could do so. Although the prosecutor's refusal to present evidence was deliberate, and not inadvertent as in *Branch*, his obvious intention was to obtain a pre-hearing resolution of the burden of proof question. Under these circumstances, it would hardly be in the interests of justice to forever preclude the Commonwealth from presenting testimony on defendants' suppression motions.

■ Because we hold that the lower court erred in denying the Commonwealth's petition to reopen the suppression hearing, we remand this case with directions to the court below to renew the suppression hearing so that the Commonwealth can meet its burden as required by Pa.R.Crim.P. 323(h).[8] We further direct the lower court to review and

8. This result is consistent with the remedy of a new suppression hearing which was granted by this court in *Commonwealth v. Wil-*

rule on all arguments raised in defendants' suppression petitions to prevent further piecemeal litigation of this case.[9]

Case remanded for proceedings consistent with this opinion.

VAN der VOORT, J., files concurring and dissenting opinion.

VAN der VOORT, Judge, concurring and dissenting:

I concur in the decision of the Majority to remand this appeal to the court below for the purpose of continuing the suppression hearing. However, I dissent from that part of the opinion which holds that the Commonwealth has the burden of proving the validity of the search warrant before the defendant may be called upon to show that some of the recitals in the affidavit are untrue.

A defendant in a criminal case is given the right to file a motion to suppress all or part of the evidence. Pa.R.Crim.P. 306 and 323. A pertinent part of said Rule 306 provides with respect to the motion as follows:

"... It shall state specifically the grounds upon which each type of relief requested therein is based, setting forth for each type of relief requested the facts in consecutively numbered paragraphs, and shall specify each such type of relief requested."

The Rule provides that specificity is required of the motions embodied in an omnibus pretrial motion. Unless the

liam Ryan, supra, where the Commonwealth was also found to have failed to meet its burden of proof at a suppression hearing.

9. Because of our disposition of this case, we will not address the merits of defendants' suppression claims. However, we do note that, on remand, the lower court should not consider the Commonwealth's failure to timely answer defendants' suppression motions as an admission of well-pleaded facts. While we do not condone the prosecution's post-suppression hearing answer to defendants' suppression motions, we find that its filing did not offend the applicable Pa.R.Crim.P. 323(e). *Commonwealth v. Glover*, 488 Pa. 459, 412 A.2d 855 (1980); *Commonwealth v. Reason*, 485 Pa. 450, 402 A.2d 1358 (1979). Moreover, since the suppression proceedings spanned a two year period, defendants were hardly prejudiced by the tardy filing of the Commonwealth's answer.

defendant's motion specifies what part of the affidavit is untrue, no hearing should be required. When a defendant files a proper motion making "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." *Franks v. Delaware*, 438 U.S. 154, at page 155–56, 98 S.Ct. 2674, at page 2676, 57 L.Ed.2d 667, at page 672 (1979).

When the defendant has made a proper motion to suppress "[T]he Commonwealth shall have the burden of going forward with the evidence and of establishing that the challenged evidence *was not obtained in violation of the defendant's rights....*" Pa.R.Crim.P. 323(h). (Emphasis supplied).

The Commonwealth is limited in its proof by Pa.R.Crim.P. 2003(a) and (b). Said Rule provides as follows:

(a) No search warrant shall issue but upon probable cause supported by one or more affidavits sworn to before the issuing authority. The issuing authority, in determining whether probable cause has been established, may not consider any evidence outside the affidavits.

(b) At any hearing on a motion for the return or suppression of evidence, or for suppression of the fruits of evidence, obtained pursuant to a search warrant, no evidence shall be admissible to establish probable cause other than the affidavits provided for in paragraph (a).

The Commonwealth is strictly limited to the search warrant and the affidavit accompanying it. There is a presumption as to the validity of the affidavit and warrant, *Franks v. Delaware*, supra, at 438 U.S. at 171, 98 S.Ct. at 2684, 57 L.Ed.2d at 682. These documents constitute a prima facie showing of such validity.[1] When the Common-

---

1. In *Commonwealth v. Ryan*, 268 Pa.Superior Ct. 259 at 266, 407 A.2d 1345, 1348 (1979) we held that "... A bald statement that the

wealth has made its prima facie showing the defendant is then in my judgment privileged to challenge the validity of the warrants by presenting evidence to show the untruthfulness of some or any of the allegations in the affidavit. He may present his own witnesses or call the affiant for cross examination. He is given the power of subpoena for the purpose of bringing witnesses or the affiant into court.

In the instant case, the motion (application) to suppress contained nothing but a sparce bald conclusion as to the invalidity of the search warrant affidavit. In the continued hearing which will take place the defendant should be given an opportunity to amend his Motion to Suppress, to specify more definitely the parts of the affidavit which he challenges and the basis for such challenge. If he does this then in my judgment a suppression hearing should be required.

Commonwealth failed to show probable cause, without more, could be met by the introduction of the warrant and the affidavit."