## In Re: The January 25, 1982 Multi-County Investigating Grand Jury Notice No. 13

*Alan Ellis, Robert C. Fogelnest, Peter T. Campana,* for movents.

*William I. Arbuckle, III,* deputy attorney general for the Commonwealth.

DOWLING, *J.*, February 1, 1983—Eight witnesses summoned before the Multi-County Investigating Grand Jury have moved to quash their subpoenas and have requested certain discovery. We will not say they have taken the proverbial "shotgun" approach, but their position is somewhat broad based. In any event, the Commonwealth and the attorney general are challenged with a mass of paper laced with a verbosity of content and an extravagance of argument, all of which perhaps deserve a better cause, for unluckily for movents their motion of 13 paragraphs must be denied.

Bearing in mind the exigency of the hour, we will respond to the issues presented in a relatively succinct matter. The witnesses complain that the purpose of this investigation is to gather evidence for pending criminal charges. Hawthorn v. County Investigating Grand Jury, 488 Pa. 373, 412 A.2d 556 (1980), adopts the Schofield procedure. Attached to its answer to the motion to quash, as Exhibit A, is an affidavit signed by Robert L. Keuch, Executive Deputy Attorney General, Director, Criminal Law Division, of the Office of the Attorney General, which meets the required procedures and which clearly indicates that the purpose is not to gather evidence for pending criminal informations.

It is alleged that the grand jury is without jurisdiction because there is no showing of multi-county involvement. On the contrary, Notice No. 13 submitted to and approved by this court and furnished to the complainants indicates the multi-county nature of the investigation, which incidentally is not required once the grand jury is properly impanelled.

The charge that the Commonwealth has failed to show that the testimony requested is relevant to an investigation being conducted by the Grand Jury and is properly within its jurisdiction is dealt with in

Hawthorn v. County Investigating Grand Jury, supra., which held there was no Federal or Pennsylvania requirement of probable cause before the issuance of a subpoena. The United States Supreme Court has emphasized that citizens generally are not constitutionally immune from Grand Jury subpoenas, Branzburg v. Hayes, 408 U.S. 665 at 682, 92 S. Ct. 2646 at 2657 (1972), and that citizens have a duty to appear before a Grand Jury which obligation outweighs potential injury to their social and economic status. U.S. v. Colandra, 414 U.S. 338 at 345, 94 S. Ct. 613 at 618 (1974). The witnesses have cited no case requiring the government to make a showing of relevancy, jurisdiction or purpose as a prerequisite for the issuance of a subpoena. This type of requirement would unnecessarily impede grant jury investigations and bog down the entire process in endless litigation.

The complaint that the grand jury is not representative of a cross section of the population of the counties from which it was selected is cast in the form of a bold allegation without reference to any excluded group or any process designed to exclude a certain group. This grand jury was selected by the Supreme Court of Pennsylvania in accordance with established procedures.

The next volley raises the specter of illegal electronic eavesdropping. The Commonwealth concedes that persons involved were the subject of electronic eavesdropping but denies that it was illegal. We find no controlling Pennsylvania authority as to what procedure the court should use in establishing the legality of the electronic surveillance with respect to potential witnesses. However, the Third Circuit has adopted the majority rule in the Federal system in the case of In Re: Grand Jury Investigation, John Harkins, 624 F.2d 1160 (3d Cir.

1980). That case balances the grand jury's right to proceed in its investigations against the witnesses' right to be free from illegal electronic surveillance or the use of electronic surveillance and makes it clear that the proper scope of inquiry for this court should be the facial legality of the documents authorizing the electronic surveillance. 624 F.2d at 1167. To meet its burden of proof the Commonwealth attached to its original response exhibits "B", "C", "D" and "E". These documents establish that the electronic surveillance is facially valid. We also note that The Honorable Clinton W. Smith, of the Court of Common Pleas of Lycoming County, has recently denied motions to suppress filed by defendants already charged as a result of this wiretap. In a comprehensive opinion, Judge Smith ruled that the state wiretapping law is constitutional and that it was properly carried out on this wiretap.

The witnesses next request an order directing the Commonwealth to advise them whether or not there are "any informers in the defense camp." Ignoring the idiomatic impreciseness, we note that the United States Supreme Court in Hoffa v. United States, 385 U.S. 293, 87 S. Ct. 408 (1966), reh'g denied 386 U.S. 951, 87 S. Ct. 971 (1967), found that the Fourth Amendment does not protect a wrongdoer's misplaced belief that a person to whom he voluntarily confides his errant way will not reveal it and held that the presence of a paid informer at meetings between a defendant and his attorney did not violate defendants' Sixth Amendment rights.

There is no authority for the further request by the potential witnesses that the court direct the Commonwealth to inform them of any statement of theirs, which the Commonwealth might have in its possession. Once charged, there are a number of rules of criminal procedure which can be resorted to

for this information, but there is no authority for this premature disclosure.

This is also true with respect to the request that the Commonwealth be ordered to inform the witnesses whether or not they are considered potential defendants. It may be inappropriate to say "let your conscience be your guide" but lacking any compelling authority, we disdain to intervene. It might be noted that this is in accordance with U.S. v. Washington, 431 U.S. 181, 97 S. Ct. 1814 (1977).

The final contentions are that the application for the convening of the grand jury and the Notice by which the instant investigation was submitted to the grand jury are invalid in that they contain material misrepresentation of facts. Movents request a hearing to determine the validity of numerous allegations. Their mere recitations without any supporting averments do not entitle them to a hearing.

In Appeal of Washington, 490 Pa. 31, 415 A.2d 17, 21 (1980) the Supreme Court stated: "The supervising Judge is afforded discretion in evaluating the challenge. The judge may hear evidence from the challenger which is relevant to the validity of the statement or allegations."

It is clear from the factual allegations made by the attorney general in his application for this grand jury that his good faith belief was based on reliable information, and not just surmise. The information as stated reasonably supports the conclusion of the possibility of criminal activity. This is all that is required. Absent a more specific pleading, this court is not required to conduct an evidentiary hearing.

The requirement of particularization is one based on common sense. It takes away from a defendant or witness the ability to stall investigations. An analogous area in Pennsylvania law is the right of a defendant to cross-examine affiants of warrants about

confidential informants. That right established by Commonwealth v. Hall, 451 Pa. 201, 302 A.2d 342 (1973), is not an unlimited one. Defendant must make more than a "mere assertion" that the disclosure might be helpful to the preparation of a defense. Commonwealth v. Herron, 475 Pa. 461, 380 A.2d 1228 (1977). Further, in Commonwealth v. Ryan, 442 A.2d 739, 296 Pa. Super. 222 (1982), the court expresses the opinion that although the Commonwealth has the initial burden of proof at a suppression hearing (a matter analogous to the problem presented here), boiler plate allegations by the defendant claiming that the warrant was invalid do not trigger the Commonwealth's burden of proof. 442 A.2d at 744 n.7.

According, we enter the following

## ORDER

And now, this February 1, 1983, the motion to quash subpoenas is denied, and the witnesses are ordered to appear at the February session of the Multi-County Investigating Grand Jury.