J-S43023-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WALTER D. WILLIAMS, JR. | : | |
| | : | |
| Appellant | : | No. 952 EDA 2024 |

Appeal from the Judgment of Sentence Entered March 14, 2024
In the Court of Common Pleas of Chester County
Criminal Division at No: CP-15-CR-0002151-2022

BEFORE: BOWES, J., STABILE, J., and KUNSELMAN, J.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 10, 2025**

Appellant seeks review of the judgment of sentence entered by the Court of Common Pleas of Chester County (trial court). Following a jury trial, Appellant was found guilty of numerous drug-related offenses, and he was sentenced to an aggregate prison term of 15 to 30 years. On appeal, he raises several claims: the search warrant executed by police was invalid; he was deprived of his constitutional right to be tried by a jury of peers; the sentence was manifestly excessive; the trial court failed to consider relevant sentencing factors; and the evidence of guilt was legally insufficient. We affirm.

Before examining the issues raised on appeal, we note at the outset that our review is hindered by the lack of a complete record. As mentioned by the trial court, Appellant requested copies of the notes of testimony from the relevant proceedings, but he "failed to make payment" to the court stenographer "even after numerous requests[.]" Trial Court 1925(a) Opinion,

8/16/2024, at 11 n.8. Appellant did not timely seek to qualify to proceed *in forma pauperis*, and the notes of testimony were not made part of the record. Nevertheless, to the extent that the limited record allows, we will endeavor to glean enough facts to consider the merit of Appellant's claims.[1]

This case arose from a series of "controlled buys" arranged by the Pennsylvania State Police and Chester County detectives assigned to the Drug and Organized Crime Unit. In March 2022, Chester County detectives identified a person known as "Mills," or "J" (later identified as Appellant), as a potential narcotics dealer operating out of West Philadelphia, Pennsylvania. The detectives believed that this individual had been regularly delivering controlled substances to customers in Chester County, and surrounding counties.

Through their investigations, the detectives linked the phone number of their suspect to Appellant, and they used the number to set up three monitored purchases of controlled substances between April 2022 and May 2022. The detectives also linked Appellant to the vehicle used by the individual selling the narcotics (a black Infiniti QX30).

The controlled buys took place in East Bradford Township, West Chester, in Chester County, Pennsylvania. On each occasion, Appellant arrived at the

---

[1] The Commonwealth has argued that this appeal should be dismissed, or quashed, for lack of a complete record. **See** Appellee's Brief, at 7. Rather than do so, we will address the issues raised to the extent possible, while noting, as needed, where the lack of an adequate record has resulted in waiver of a claim.

designated place while either driving or being driven in a black Infiniti QX30, which was registered in Appellant's name. Appellant delivered several bundles of "heroine/fentanyl," which were purchased by undercover police agents. The arresting officers detailed the facts leading to Appellant's arrest in their affidavit of probable cause, which was included in the police criminal complaint filed on June 24, 2022. Neither of the parties in this appeal has disputed that the arresting officers swore to the following facts in their affidavit:

> On May 19, 2022, the target of this investigation, [Appellant] was contacted via cellular phone number 267-684-8297 and arrangements were made to purchase twenty (20) bundles of suspected HEROIN/FENTANYL from [Appellant] in exchange for US Currency. [Appellant] agreed to meet in Coatesville, Chester County Pennsylvania to complete the sale. [Appellant] later changed his mind about the delivery location and wanted to complete the sale at the Hillside Motel, located at 458 Baltimore Pike, Glen Mills, PA 19342. No sale was completed on this date.

> On May 23, 2022, [Appellant's] was contacted via [his] cellular phone number . . . [and he] agreed to sell ten (10) grams of bulk HEROIN/FENTANYL to another person in exchange for $950.00.

> A delivery time for this sale was never finalized due to [Appellant] wanting the delivery to take place in Philadelphia. Later in [the] day on May 23, 2022, your affiant requested assistance from the Pennsylvania State Police Troop K VICE to set up surveillance on the Hillside Motel, room #124, located at 458 Baltimore Pike, Glen Mills, Delaware County, PA 19342. [Appellant] and a black male with a slender build were observed leaving the hotel out of room #124 and getting into the same black Nissan Altima that [an undercover officer] drove to buy. [Appellant] was stopped and arrested.

> The slender build black male passenger in the Nissan was found to be a juvenile who was identified as the driver of [Appellant's] lnfiniti that drove [Appellant] to the third controlled buy of this investigation. . . . Surveillance units maintained visual surveillance

> on [Appellant's] motel room until a search warrant could be obtained for it and the Nissan.
>
> On the evening of May 23, 2022, a search warrant was [issued by District Judge (MDJ) Robert M. D'Agostino, Esquire, Magisterial District Court 32-1-24 in Broomall, Pennsylvania] and executed on the aforementioned vehicle and motel room. The search of the motel room resulted in seizing the following:
>
> - Over approximately 125 grams of suspected raw FENTANYL,
> - approximately 30 grams of suspected CRACK COCAINE
> - 90 individual baggies of suspected FENTANYL
> - Four (4) unknown pills
> - over 1,000 New and unused baggies
> - Cutting agents
> - Narcotic packaging materials including scales and electric mixers.

Affidavit of Probable Cause, 6/24/2022, at II-IV (some indentations added).

Detective Thomas P. Hyland, Jr., a member of the Phoenixville Borough Police Department, and Trooper Ryan Smith, a member of the Pennsylvania State Police, were the applicants (co-affiants) for the search warrant of the motel room and Appellant's vehicle.

A few days after his arrest, Appellant was charged with possession with intent to deliver (PWID), criminal conspiracy, and other related crimes. On October 20, 2022, Appellant filed an omnibus pre-trial motion seeking (1) the suppression of physical evidence seized as a result of the searches of Appellant's person and his vehicle; (2) the suppression of Appellant's statements subsequent to his arrest; (3) the suppression of a lineup identification; and (4) discovery pursuant to Pa.R.Crim.P. 573.

At an evidentiary hearing held on March 3, 2023, Appellant also challenged the validity of the search warrant issued on May 23, 2022, by MDJ

D'Agostino, arguing that the evidence obtained as a result of the search was inadmissible and had to be suppressed. The trial court denied the suppression motion on April 14, 2023. *See* Trial Court Opinion and Order, 4/14/2023, at 1-2 n.1.

Appellant's trial began on October 3, 2023, and it concluded two days later. He was found guilty of five counts of PWID; three counts of conspiracy; and one count of criminal use of a communication facility. After evaluating a pre-sentence investigation report, and the Commonwealth's sentencing memorandum, the trial court sentenced Appellant to 15 to 30 years on Count 4 (PWID); two to four years on Count 5 (PWID), concurrent to Count 4; five to 10 years on Count 1(PWID), concurrent to Count 4; and 7.5 to 15 years on Count 9 (conspiracy), concurrent to Count 4. As to the remaining PWID and conspiracy counts, no further penalty was imposed. The aggregate term totaled 15 to 30 years in state prison.

Appellant filed a post-sentence motion on March 14, 2024, seeking reconsideration of the sentence in light of his history of addiction and recent attempts at sobriety. The motion was denied, and Appellant timely appealed. Both Appellant and the trial court complied with the requirements of Pa.R.A.P. 1925. *See* Trial Court 1925(a) Opinion, 8/16/2024, at 2-3. In his brief, Appellant now raises several claims for our consideration:

> 1. Did the lower court err and abuse its discretion in denying [Appellant's] Motion to Suppress by Order of April 14, 2023 since the search warrant was *void ab initio*, and the search was illegal?

A. District [Judge] Robert M. D'Agostino, Esquire, of Magisterial District Court 32-1-24 in Broomall, Pennsylvania, was without jurisdiction to issue the search warrant-in-question.

B. Detective Thomas P. Hyland, Jr. and Trooper Ryan Smith did not secure the search warrant from a district magistrate of their primary jurisdiction, in violation of the Municipal Police Jurisdiction Act ("MPJA"), and service of the search warrant was not done with the consent of the chief law enforcement officer of Glen Mills, where the search warrant was served.

C. The Commonwealth failed to establish a nexus between the [m]otel room where the drugs were found and the Defendant or that he participated in the drug activity.

2. Did the lower court err and abuse its discretion in denying the [Appellant's] Post-Sentence Motion because his Sixth Amendment right to a jury of his peers was violated since he is an African American who was subject to an all-white jury panel?

3. Was the sentence imposed on [Appellant] harsh and excessive and an abuse of discretion since the lower court failed to properly consider all of the sentencing factors of 42 Pa.C.S.A. § 9721(b) or any mitigating evidence when it imposed the sentence in question?

4. Did the lower court err and abuse its discretion in that it sentenced [Appellant's] in the upper end of the sentencing guidelines without considering mitigating factors and only considered the seriousness of the offense when it imposed sentence?

5. Was the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, insufficient to enable the fact finder to conclude that the Commonwealth established all of the elements of the second conviction (relating to the second alleged controlled substance sale to the undercover officer when [Appellant] was not present) for Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver, in violation of 35 § 780-113 §§ A30, beyond a reasonable doubt?

6. Was the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, insufficient to enable the fact finder to conclude that the Commonwealth established all of the elements of the fourth conviction (relating to the controlled substances recovered from motel room when [Appellant] was not present) for Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver, in violation of 35 [Pa.C.S.A.] § 780-113 §§ A30, beyond a reasonable doubt?

7. Was the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, insufficient to enable the fact finder to conclude that the Commonwealth established all of the elements for Conspiracy - Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver, in violation of 18 [Pa.C.S.A.] § 903, beyond a reasonable doubt?

Appellant's Brief, at 7-9 (some claims reordered).

Appellant's first claim, concerning the validity of the subject search warrant, has three sub-parts, the first of which is that the issuing authority, MDJ D'Agostino, lacked jurisdiction to issue the warrant. Appellant contends that MDJ D'Agostino only had authority to issue warrants within the magisterial district located in Broomall, Pennsylvania, which fell outside of the magisterial district where the search took place, in Glen Mills, Pennsylvania.

An issue concerning a court's jurisdiction is a pure question of law, subject to a *de novo* standard of review on appeal. ***See Commonwealth v. McGarry***, 172 A.3d 60, 65 (Pa. Super. 2017). "A search warrant may be issued by any issuing authority within the judicial district wherein is located either the person or place to be searched." Pa.R.Crim.P. 200. Our Supreme Court has clarified that the jurisdiction of a magisterial district judge to issue

- 7 -

warrants is "county-wide." ***Commonwealth v. Ryan***, 400 A.2d 1264, 1266 (Pa. 1979) ("We thus believe a district [judge] has at least county-wide jurisdiction.").

The Comment to Rule 200 has adopted the holding of ***Ryan***, citing it for the proposition that "the authority of a magisterial district judge to issue a search warrant outside of the magisterial district but within the judicial district is recognized [in that case]." Pa.R.Crim.P. 200, cmt. More recently, our Supreme Court has explained that Rule 200 "restricts the territorial jurisdiction in which an issuing authority may issue a search warrant to the judicial district in which the issuing authority sits, ***the parameters of which are generally the county***." ***In re Lackawanna County***, 212 A.3d 1, 21 (Pa. 2019) (citing 42 Pa.C.S.A. § 901(a)).

Here, the search warrant was issued by MDJ D'Agostino, whose judicial district was located in Delaware County at the relevant times. The motel room to be searched pursuant to that warrant was also located in Delaware County. Accordingly, the warrant was validly issued by the proper issuing authority, and Appellant's first claim has no merit. ***See id***.

The second part of Appellant's first claim is that the search warrant was defective because the officers who applied for it violated section 8953(a)(1) of the Municipal Police Jurisdiction Act (MPJA), which, under some circumstances, requires the chief law enforcement officer of the municipality

where the warrant is to be served to consent to the warrant's service. ***See***

Appellant's Brief, at 18-19. The MPJA provides in pertinent part as follows:

> (a) General rule.-Any duly employed municipal police officer who is within this Commonwealth, but beyond the territorial limits of his primary jurisdiction, shall have the power and authority to enforce the laws of this Commonwealth or otherwise perform the functions of that office as if enforcing those laws or performing those functions within the territorial limits of his primary jurisdiction in the following cases:
>
> (1) Where the officer is acting pursuant to an order issued by a court of record or an order issued by a district magistrate whose magisterial district is located within the judicial district wherein the officer's primary jurisdiction is situated, ***or*** where the officer is otherwise acting pursuant to the requirements of the Pennsylvania Rules of Criminal Procedure, except that the service of an arrest or search warrant shall require the consent of the chief law enforcement officer, or a person authorized by him to give consent, of the organized law enforcement agency which regularly provides primary police services in the municipality wherein the warrant is to be served.

42 Pa.C.S.A. § 8953 (emphasis added).

In the present case, the warrant was served in Glen Mills, PA, which is an unincorporated community of Concord Township, in Delaware County, Pennsylvania. The issuing authority for the warrant, as discussed above, sits in Delaware County. Concord Township does not have its own police department; it is instead serviced by the Pennsylvania State Police, Troop K. The two officers who applied for a warrant in this case were Trooper Ryan Smith and Detective Thomas Hyland. Trooper Smith was a member of the Vice/Narcotics Unit of the Pennsylvania State Police, assigned to Troop K.

On these facts, the record does not establish that the officers violated the MPJA. As a preliminary matter, the MPJA applies to *municipal* police officers. **See** 42 Pa.C.S. § 8951 (defining a "municipal police officer" in the MPJA as "[a]ny natural person who is properly employed by a municipality, including a home rule municipality, as a regular full-time or part-time police officer."). Trooper Smith is indisputably a member of the *state* police, and not employed by a municipality, so he would not be subject to subsection 8953(a), and that statute would not limit his authority to execute the search warrant issued in Delaware County, by a magistrate district judge sitting in Delaware County.

Further, it is not at all clear from the record that the officers were acting beyond the territorial limits of their primary jurisdiction, since Trooper Smith's unit was assigned to work in the township within the same county as the issuing authority for the warrant. And even assuming that Trooper Smith and Detective Hyland were acting beyond the territorial limits of their primary jurisdiction under section 8953(a), they still would have had authority under that provision to serve the warrant in Glen Mills because that community is located in Delaware County, where the issuing authority sat. **See** 42 Pa.C.S.A. § 8953(a) (permitting an officer to execute a warrant "[w]here the officer is acting pursuant to an order issued by a court of record or an order issued by a district magistrate whose magisterial district is located within the judicial district wherein the officer's primary jurisdiction is situated."). Thus, the

warrant was not served or executed in violation of subsection 8953(a)(1) of the MPJA, and the second part of Appellant's first claim has no merit.[2]

The third part of Appellant's first claim is that the search warrant was invalid because the Commonwealth did not establish a sufficient "nexus" between Appellant and the motel room where the search warrant was executed. As to this sub-issue, the trial court found (and we agree) that the ground for relief has been waived, as it was raised for the first time on appeal.

Appellant's second claim is that his Sixth Amendment right to be tried by a jury of his peers was violated because he is African American, and the jury was composed of an "all-white jury panel." Appellant's Brief, at 22.

This claim is waived for several reasons. "Issues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). This waiver rule applies even with respect to asserted violations of constitutional rights. *See Commonwealth v. Cline*, 177 A.3d 922, 927 (Pa. Super. 2017) ("[I]ssues, even those of constitutional dimension, are waived if not raised in the trial court."). To preserve a challenge to the racial composition of the jury, a defendant must lodge a contemporaneous objection on that ground and make an adequate record documenting the relevant portions of *voir dire*. *See generally Commonwealth v. Spence*, 627 A.2d

_____

[2] To the extent that Appellant intended to raise any additional arguments or constructions of 42 Pa.C.S.A. § 8953 that would establish the invalidity of the search warrant, or the service of the search warrant, such claims are waived due to the lack of development of the record.

1176, 1182-83 (Pa. 1993) (specifying the steps needed to make an adequate record to challenge the racial composition of a jury); *see also Batson v. Kentucky*, 476 U.S. 79 (1986) (holding that a prosecutor's challenge to potential jurors on the basis of race violates the Equal Protection Clause of the United States Constitution).

Here, Appellant's brief contains no citations to the parts of the record which support the claim or show that the issue was preserved by a contemporaneous objection to the jury's composition. The argument is also undeveloped, as it does not establish the legal basis on which Appellant is entitled to relief. While Appellant has alluded to the Sixth Amendment right to a jury trial by a defendant's peers, he does not discuss what happened during *voir dire*, or cite any applicable caselaw. *See Commonwealth v. Spotz*, 18 A.3d 244, 281 n.21 (Pa. 20110 (without a "developed, reasoned, supported, or even intelligible argument, [t]he matter is waived for lack of development.").

Further, Appellant cites no authority for the proposed blanket rule that a defendant is constitutionally entitled to a jury composed of any particular race. And in fact, there is no such constitutional right. *See Taylor v. Louisiana*, 419 U.S. 522, 538 (1975) ("[A] defendant is not constitutionally entitled to a jury composed in whole or in part of persons of his or her own race[.]"). Thus, this unpreserved claim is unavailing to Appellant, and even if it were not waived, there is no merit to its underlying premise that an all-

- 12 -

White jury is *per se* unconstitutional where the defendant is a member of another race or ethnicity. ***See id***.; ***see also Batson***, 476 U.S. 79.

Appellant's third and fourth claims concern the validity of his sentence, and each of these claims will be addressed in turn. In the third claim, Appellant argues that the trial court abused its discretion in imposing an excessive sentence, and the trial court failed to consider all relevant sentencing factors, such as mitigating evidence. ***See*** Appellant's Brief, at 23-25. This claim is waived. Appellant has not identified where in the record he preserved this sentencing issue; he has not cited to relevant portions of the record demonstrating the merit of the issue; and he has not developed the argument on this point, instead baldly stating that the sentence was both excessive and based on incomplete consideration of relevant sentencing facts. There also is no transcript of the sentencing proceedings, further hindering our review. Thus, the issue is not preserved, and this Court cannot reach the merits of Appellant's third claim.[3]

_____

[3] The Commonwealth also correctly points out that Appellant has attempted to seek relief from an abuse of the trial court's discretion at the sentencing. ***See*** Appellee's Brief, at 19-21. A challenge to a discretionary aspect of sentencing must be asserted in accordance with Pa.R.A.P. 2119(f), which, among other things, requires the party seeking relief to include in the briefing a separate concise statement showing that the sentencing issues demonstrate a "substantial question" as to the propriety of the sentence under the Sentencing Code. ***See*** Pa.R.A.P. 2119(f). Failing to comply with these procedures may result in the waiver of the sentencing claim if the Commonwealth objects to the deficiency. ***See Commonwealth v. McNear***, 852 A.2d 401, 408 (Pa. Super. 2004). Here, Appellant's brief does not
*(Footnote Continued Next Page)*

For the same reasons, Appellant's fourth claim likewise is waived. He argues that the trial court abused its discretion in imposing the sentence without considering mitigating factors and only considering the seriousness of the offense. *See* Appellant's Brief, at 25-26. However, Appellant has not demonstrated that the issue was preserved before the trial court, and, in any event, the lack of a record again precludes meaningful appellate review.

Appellant's final three claims concern the sufficiency of the evidence. He argues that several of his convictions cannot be sustained because the Commonwealth failed to prove the elements of those offenses beyond a reasonable doubt, as Appellant was not physically present at the location where these offenses allegedly occurred. *See* Appellant's Brief, at 26-29. That is, Appellant contends that the "Commonwealth failed to establish a nexus between the [m]otel room where the drugs were found and [Appellant] or that he participated in the drug activity." Appellant's Brief, at 28-29.

Once more, we must find that Appellant has waived his claims. He has not cited to relevant portions of the record demonstrating the issue's merit; and he has not developed the argument in his brief. The lack of transcripts of the trial proceedings further hinders our ability to consider the merit of the

---

comport with the rule, and the Commonwealth has objected, so the sentencing issues are clearly waived for this additional reason. *See* Appellee's Brief, at 20.

claims. Thus, no relief is due on Appellant's sufficiency issue, and the judgment of sentence must be upheld.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/10/2025